**In the Matter of Luis M. GALVAN, Christopher Lowe, John F. Leuck, and Barry D. Sheppard, Respondents.**

**Nos. D–244, D–245, D–246 and D–247.**

United States Court of Appeals, Seventh Circuit.

Submitted July 26, 1996.

Decided Aug. 13, 1996.

Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

The first thing an appellate judge does after picking up the briefs of an appeal is read the district judge's explanation for the decision under challenge. It is impossible to evaluate the challenge—sometimes impossible even to understand it—without knowing why the district court acted as it did. *See Hill v. Porter Memorial Hospital*, 90 F.3d 220, 225–26 (7th Cir.1996). What the appellant's brief says about the reasons for the decision under review may be incomplete or slanted; it is essential to get the district court's explanation in its own words. Yet many appellate judges read the briefs without having access to the record. Half of the

judges of the court live outside Chicago, where the records are kept, and those who reside in Chicago may read the briefs at home. To prevent a waste of time while judges secure the opinion or explanation (and then reacquaint themselves with the case), counsel must furnish the necessary materials. Rule 30(a)(3) of the Federal Rules of Appellate Procedure requires the appellant to provide "the judgment, order or decision in question". Spotty compliance with this rule implied that many lawyers were unaware of it, others understood it to cover only a document with the word "opinion" at the top, and still others believed that if they attached the judgment they did not have to include the opinion. To ensure ready availability of the district court's reasoning, we adopted Circuit Rule 30:

(a) *Contents.* The appellant shall submit, bound with the main brief, an appendix containing the judgment or order under review and any opinion, memorandum of decision, findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court or administrative agency upon the rendering of that judgment, decree, or order.

(b) *Additional Contents.* The appellant shall also include in an appendix:

(1) Copies of any other opinions or orders in the case that address the issues sought to be raised.

(2) Copies of any opinions or orders in the case rendered by magistrates or bankruptcy judges that address the issues sought to be raised.

(3) Copies of all opinions, orders, findings of fact and conclusions of law rendered in the case by administrative agencies (including their administrative law judges). This requirement applies whether the original review of the administrative decision is in this court or was conducted by the district court.

(4) An order concerning a motion for new trial, alteration or amendment of the judgment, rehearing, and other relief sought under Rules 52(a) or 59, Fed. R.Civ.P.

(5) Any other short excerpts from the record, such as essential portions of the pleading or charge, disputed provisions of a contract, pertinent pictures, or brief portions of the transcript, that are important to a consideration of the issues raised on appeal.

(6) The documents in (b) may also be placed in the appendix bound with the brief if these documents when added to the required appendix in (a) do not exceed fifty pages.

(c) *Statement that All Required Materials are in Appendix.* The appendix to each appellant's brief shall contain a statement that all of the materials required by parts (a) and (b) of this rule are included. If there are no materials within the scope of parts (a) and (b) of this rule, counsel shall so certify.

This supplements Fed.R.App. P. 30(a) in several ways: (i) it specifies that counsel must furnish not only judgments and orders but also "findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court or administrative agency"; (ii) it demands not only the explanations directly supporting the judgment but also "[c]opies of any other opinions or orders in the case that address the issues sought to be raised" and "portions of the transcript that are important to a consideration of the issues", which includes (for example) explanations for evidentiary rulings, if those rulings come under attack in this court; (iii) it requires counsel to certify compliance. Because the clerk's office does not know which materials in a given case are required by this rule, the certificate required by Circuit Rule 30(c) is the key to filing a brief. The clerk's office will reject any brief lacking the required statement, but if the representation is present the clerk's office will not look behind it.

■ An appellant who files the brief with the aid of a false representation is at risk of summary affirmance. *See, e.g., Urso v. United States,* 72 F.3d 59, 61 (7th Cir.1995); *Mortell v. Mortell Co.,* 887 F.2d 1322, 1327 (7th Cir.1989). This severe penalty is justified in part by the vital function of Rule 30 and in part because a default cannot be inadvertent. A lawyer unaware of Circuit Rule 30 will find out about it when the clerk's office returns the brief for lack of the Rule 30(c) statement,

and counsel gets a chance to fix the problem. The presence of a Rule 30(c) certificate assures the court that counsel was aware of and complied with the rule. We expect that lawyers will execute formal assurances only after doing their utmost to make them truthful; a false representation to a court is a serious delict.

■ A client aggrieved by summary affirmance in a civil case may obtain recompense from the errant lawyer. See *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 396–97, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993); *United States v. 7108 West Grand Avenue,* 15 F.3d 632 (7th Cir.1994). In criminal and immigration cases, however, money does not supply a way to balance the accounts between client and counsel. We have therefore declined to dismiss or affirm in these cases, although we have occasionally chastised counsel along the way. See *Guentchev v. INS,* 77 F.3d 1036, 1039 (7th Cir.1996); *United States v. Gomez,* 24 F.3d 924, 928–30 (7th Cir.1994); *United States v. Smith,* 953 F.2d 1060, 1068 (7th Cir.1992); *United States v. White,* 888 F.2d 490, 495–96 (7th Cir.1989). A reprimand has been the response of choice in some civil cases too, when affirmance seemed an excessive sanction—or was no sanction, because the appeal had no hope of success. *E.g., Hill, supra; Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1224 (7th Cir.1995).

Risk of dismissal has produced substantial compliance in civil appeals. Unfortunately, the lack of an effective sanction in criminal cases has led counsel to be careless, or, worse, to behave strategically—to omit the district court's reasons in the hope that silence will make the district court's decision look unsupported. Compliance with Rule 30 in criminal cases is poor. Six criminal appeals were set for oral argument before this panel last July 10. In four of the six cases, counsel for the appellant violated Rule 30. In two of these four cases, counsel also violated Circuit Rule 28(d)(2), which provides: "No fact shall be stated in the statement of facts unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears." Knowledge of

the district court's reasons and the ability to find disputed material in the record are especially important in criminal appeals, for the most common appellate issues—the length of sentence, the admission or exclusion of evidence, rulings on joinder and severance, jury selection and control-require this court to respect reasoned decisions by the district judge. See *Koon v. United States,* —— U.S. ——, —— – ——, 116 S.Ct. 2035, 2044–47, 135 L.Ed.2d 392 (1996); *Zafiro v. United States,* 506 U.S. 534, 541, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993); *United States v. Beasley,* 809 F.2d 1273, 1278–79 (7th Cir. 1987). Deferential review is impossible when the court of appeals is in the dark about how the district court exercised its discretion, and why.

After deciding the cases on the merits, we issued orders requiring the attorneys to show cause why they should not be disciplined under Fed.R.App. P. 46(c) for their violations of the rules and their false representations to the court. The responses have been received; none of the four asked for a hearing, so the disciplinary proceedings are ready for decision. All four lawyers concede noncompliance with Rule 30. The question, therefore, is what disposition is appropriate.

Reminders have not sufficed to induce attorneys to comply with Rule 30, although it is the most important rule this court has issued. Unfiltered knowledge of the district court's reasons is vital if a court of appeals is to do its job. Disappointment at the failure of exhortations (and even summary affirmances) led the panel in *Hill* to fine counsel $1,000 on the authority of Fed.R.App. P. 46(c).

■ A similar disposition could be appropriate here too, although we hesitate to impose on lawyers who serve under the Criminal Justice Act fines that may approximate their full compensation for handling the appeal. When meting out sanctions, we bear in mind that there is an element of public service in the representation of the accused in criminal cases, and we do not want to thin the ranks of volunteers. Nonetheless, rules must be enforced—especially when violation entails misrepresentation to the court. We therefore have decided that fines will be used

in future criminal cases, but only for briefs filed after July 19, 1996, the date *Hill* made it pellucid how important this court deems compliance with Rule 30 to be. For these four lawyers, a public admonition suffices.

For the benefit of the bar, we take this opportunity to emphasize that under Rule 30 the appellant (including a cross-appellant) must include in the appendix all of the district court's pertinent reasoning. This includes:

- Any document styled an opinion, memorandum, or entry.

- Any transcript that contains oral statements of reasons for admitting or excluding evidence, denying motions to sever, imposing sentence, or taking any other step that is contested on appeal. Counsel for appellant is responsible for ordering the transcript of any oral statement of reasons. (Statements of reasons for decisions that the appellant does not contest need not be included in the appendix.)

- Any pretrial order (or transcribed statement of reasons) concerning a motion to suppress evidence, a motion in limine, a motion to dismiss the indictment, and so on—again with the proviso that the appellant may omit reasons concerning decisions not contested on appeal.

We hope that this warning, and the elaboration of the scope of counsel's obligation, will increase compliance with Rule 30 and so improve the ability of this court to decide cases quickly and correctly.