103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mariano MONTEGO, Petitioner-Appellant,
v.
Charles B. MILLER, Respondent-Appellee.
 No. 95-3571.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Nov. 26, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Serving a sentence of thirty years' incarceration in Indiana for cocaine dealing, Mariano Montego appeals from the district court's judgment dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. He contends that the sentencing judge was biased; his counsel was ineffective; he was deprived of his Fifth Amendment right against self-incrimination; and he was deprived of due process. Because Montego has not demonstrated that he is entitled to relief on his judicial bias claim, and because his other claims are procedurally defaulted, we affirm the district court's judgment dismissing his petition.
 
 
 2
 Montego filed a direct criminal appeal in Indiana challenging the jury instructions and the sufficiency and admissibility of the evidence. After the Indiana Supreme Court affirmed his conviction, he filed three post-conviction petitions alleging ineffectiveness of trial and appellate counsel; trial court error in refusing to disclose the identity of a confidential informant; improper imposition of an indeterminate sentence; and trial judge bias because Montego was a Cuban refugee. The state trial court concluded that these claims were waived because Montego failed to present them on direct appeal, but also stated that Montego's claims lacked merit. The Court of Appeals of Indiana also found that these claims were waived, while also noting that the claims lacked merit. Montego then filed a petition for transfer to the Indiana Supreme Court, but that court dismissed his petition as untimely.
 
 
 3
 In denying Montego's habeas petition, the district court found that Montego's judicial bias claim failed to demonstrate a right to relief under § 2254 because the trial judge's comments about Montego's ethnicity were "extraneous in light of the fact that Montego received the presumptive sentence for a Class A felony." The court also noted that the evidence at trial supported the sentence, and thus that the judge's comments could not be viewed as causing an aggravation of Montego's sentence. The court also found in the alternative that Montego forfeited his judicial bias claim by failing to raise it on direct appeal and by failing to show cause and prejudice to excuse that procedural default. Moreover, it held that Montego could not rely on his ineffective assistance claim to establish cause because he also defaulted this claim by failing to present it to the Indiana courts. See Lostutter v. Peters, 50 F.3d 392, 395 (7th Cir.1995) ("A federal court may not consider ineffective assistance of counsel as cause for a procedural default, unless the ineffectiveness claim was itself presented to the state courts.") Finally, the district court held that Montego's Fifth Amendment claim had no basis in the record.[1]
 
 
 4
 We must first consider whether Montego is entitled to federal habeas review of his claims. Although Montego failed to raise judicial bias in his direct criminal appeal, he did include it in his state post-conviction petition and in his appeal from the denial of that petition. He did not raise it before the Indiana Supreme Court but this does not preclude its consideration in a § 2254 proceeding as long as the "last state court to address [the] question reache[d] the merits without invoking a rule of forfeiture." Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996). Here, the Indiana trial court considered the judicial bias claim on the merits after stating that Montego waived the issue by failing to raise it on direct appeal. The state appellate court quoted the trial court's opinion, including the section regarding waiver, and then proceeded to consider the issue on the merits. The state argues that the judicial bias claim was forfeited under Indiana law, despite the state court's alternative consideration of the issue on the merits. But the "mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent [a federal court] from reaching the federal claim." Harris v. Reed, 109 S.Ct. 1038, 1042 (1989). "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Id. (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). We resolve ambiguity in the state court's disposition under the rule of Michigan v. Long, 463 U.S. 1032 (1983): If "it fairly appears that the state court rested its decision primarily on federal law, this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that [its] decision rests upon adequate and independent state grounds." Id. at 1042.
 
 
 5
 The state argues that by quoting the language from the trial court's opinion regarding waiver, the appellate court plainly rested on the procedural bar in dismissing Montego's claim, and that its subsequent discussion on the merits was an alternative disposition that does not relieve Montego from his procedural default. In support of its argument, the state points to Harris:
 
 
 6
 [A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very disposition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.
 
 
 7
 Harris, 109 S.Ct. at 1044 n. 10. We do not think that Harris applies here because Indiana's appellate court did not clearly state that it was relying on waiver. Nor did it state that its consideration of the merits of Montego's judicial bias claim was an alternative disposition. Hence, we conclude that this issue was not procedurally defaulted.
 
 
 8
 During Montego's sentencing hearing the following exchange occurred:
 
 
 9
 THE COURT: Mr. Montego, the thing that disturbs the Court and our society is the fact that he's come into our country [from Cuba], he came under the conditions of which really we didn't want him specifically to be here, that was decided by our President at that time, there was a lot of people that disagreed with that course of action. Ask him if he's aware of that?
 
 INTERPRETER QUESTIONS DEFENDANT
 
 10
 INTERPRETER: Yes he does, and understands.
 
 
 11
 THE COURT: And a lot of the reason for that is because, and it's something which I personally am aware of because I have many friends here, Hispanic friends in this community, some of which I'm sure you met at one time or another through the Hispanic Center, and what has occurred to you now casts a bad name for all of them. It's something that effects [sic] all of them. We've had many good people from Cuba come up here who've led good law abiding lives not doing anything but yet because you have come along, and you get caught in something and you have violated our law that reflects upon them. Are you aware of that?
 
 INTERPRETER QUESTIONS DEFENDANT
 
 12
 INTERPRETER: He says he is aware that he has committed an error that it's a very bad experience for him.
 
 
 13
 (Tr. at 115-16). The state argues that even if the judge improperly used the sentencing process as a means of sending a political message, Montego fails to demonstrate how he was harmed or denied a constitutional right since he was given the presumptive sentence under Indiana law. Moreover, the state contends that Montego has not shown that his sentence was disproportionate to his crime, as required to sustain an attack on a sentence under the Eighth Amendment.
 
 
 14
 But Montego did not raise an Eighth Amendment claim. The issue we must decide is whether Montego was deprived of his right to a fair and impartial decision-maker. Although the right to an unbiased judge is well-settled, see Walberg v. Israel, 766 F.2d 1071, 1075-76 (7th Cir.1985), habeas relief is not warranted unless the allegations are well-supported and rise to the level of a due process violation. A petitioner must show either the actuality, rather than just the appearance, of judicial bias, "or a possible temptation so severe that we might presume an actual, substantial incentive to be biased." Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1380 (7th Cir.1994) (en banc). Stated another way, "[t]he right to a judge who is free from the mere appearance of partiality is not part of due process at all, let alone a fundamental part." Tyson v. Trigg, 50 F.3d 436, 441 (7th Cir.1995), cert. denied, 116 S.Ct. 697 (1996). Applying these standards, we conclude that the sentencing judge's comments regarding Cuban refugees are too vague to show that actual judicial bias infected Montego's sentence. Further, we find no evidence that the sentencing judge favored the prosecution by imposing a sentence unsupported by the record. To the contrary, Montego was given the presumptive sentence provided under Indiana law. Moreover, the evidence at trial clearly supported Montego's substantial culpability for the offense and the absence of a downward departure. Notably, Montego has not provided any evidence or pointed to any evidence in the record to show that actual bias influenced his sentence, despite being advised, pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), of the consequences of failing to do so.
 
 
 15
 Our conclusion that the judge's comments did not rise to the level of a due process violation also undermines Montego's Sixth Amendment claim. Generally, there is no Sixth Amendment violation unless the accused can show how specific errors affected the reliability of the finding of guilt. Strickland v. Washington, 466 U.S. 668, 693-96 (1984). Montego's claim fails because his attorney was not unreasonable in failing to raise the meritless judicial bias issue on direct appeal and because the failure to raise this issue did not so prejudice his defense that the resulting proceedings against him were fundamentally unfair and unreliable. See id.; Lockhart v. Fretwell, 506 U.S. 364, 368-71 (1993); Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). We also reject Montego's attempt to show a Sixth Amendment violation based on his unsubstantiated allegation that his appellate counsel violated conflict of interest principles by representing his wife in divorce proceedings during his appeal. Montego forfeited this claim by not presenting it to the state courts prior to filing his habeas petition. See Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir.1992) (noting that federal issues raised in habeas petition must first be fairly presented to state courts). Moreover, Montego has not overcome this default by submitting a copy of the Indiana Supreme Court's order reprimanding his counsel after the conclusion of the state proceedings. This reprimand was for Montego's post-conviction counsel.[2] Deficient performance of post-conviction counsel cannot constitute a Sixth Amendment violation. Coleman v. Thompson, 501 U.S. 722, 757 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Neal v. Gramley, 96-1452, slip op. at 3 (7th Cir. Oct. 30, 1996).
 
 
 16
 We also reject Montego's claim that he was denied his Fifth Amendment right against self-incrimination because he signed a confession that he could not read after he received Miranda warnings that he could not understand due to his language barrier. This issue was not raised on appeal, or in the state post-conviction proceedings, and thus is defaulted. Hogan, 74 F.3d at 146; Verdin, 972 F.2d at 1474.
 
 
 17
 Accordingly, we AFFIRM the judgment of the district court dismissing Montego's petition for habeas relief.[3]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We remind Montego of the risks of summary affirmance by failing to provide this court with a complete copy (without missing pages) of the district court's order. See Fed.R.App.P. 30; In re Galvan, 92 F.3d 582, 584 (7th Cir.1996)
 
 
 [2]
 Although Montego argued that it was his appellate counsel whose dual representation caused a Sixth Amendment violation, he failed to support this claim with any evidence. In his reply brief he states:
 [C]ounsel accepted Montego's payment to perfect an appeal while at the same time, he accepted money from Montego's wife to represent her in divorce proceedings against Montego. Ultimately, counsel produced only the divorce and not the promised appeal of Montego's criminal conviction. In March, 199, the [Indiana] Supreme Court imposed a private reprimand against Montego's trial/appellate counsel consequential to this matter.
 (Def.'s Reply Br. at 7). But this private reprimand does not support Montego's claim that his appellate counsel was ineffective due to having a conflict of interest. Indeed, the reprimand was issued for Montego's post-conviction counsel, Kenneth T. Roberts (Def.'s Supp.App.A). (The record shows that Montego was represented by Robert Martin and Alex Murphy at trial, by Michael Conway on direct appeal, and by Kenneth T. Roberts in post-conviction proceedings.) Under these circumstances, we can reasonably conclude that the alleged dual representation resulting in a reprimand, actually occurred, if at all, during Montego's post-conviction proceedings rather than on direct appeal.
 
 
 [3]
 Pursuant to Fed.R.App.P. 28(j), the respondent urged us to consider the following citations in support of its arguments: Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, and Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996). Although we reject Montego's argument that we are prohibited by ex post facto principles from considering these authorities, see Lindh, 96 F.3d at 864, we need not discuss them here because Montego's claims fail even under the more lenient standards applicable under the prior habeas provisions