124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lois M. TRASK, Plaintiff-Appellant,
v.
DEPARTMENT OF REHABILITATION SERVICES and William Rios,
Defendants-Appellees.
 No. 96-2702.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 2867; Harry D. Leinenweber, Judge.
 
 
 1
 Before COFFEY, FLAUM, and KANNE, Circuit Judges
 
 ORDER
 
 2
 Lois Trask, a former employee of the Illinois Department of Rehabilitation Services (DORS), sued DORS and her former supervisor, William Rios, pursuant to 42 U.S.C. § 1983. She alleged that the defendants violated her procedural due process rights when taking certain disciplinary actions against her The defendants filed a motion to dismiss the lawsuit, which District Court Judge Leinenweber granted for reasons he stated in open court (R. 55, Minute Order of June 28, 1996.) The Judge did not reduce his reasoning to writing. However, the minute order indicates that, because Trask had already been allowed to amend her complaint twice, the dismissal was with prejudice (Id.)
 
 
 3
 Trask challenges the district court's decision dismissing her suit. However, she has failed to include, in either her brief or the appellate record, copies of the transcript of the hearing at which that district court stated its reasons for dismissing the suit. But this is a court of appeals, a reviewing court, and "[i]t is impossible to evaluate [a] challenge--sometimes impossible even to understand it--without knowing why the district court acted as it did." In re Galvin, 92 F.3d 582, 582 (7th Cir.1996), see also Hill v. Porter Memorial Hosp., 90 F.3d 220, 226 (7th Cir.1996) ("We cannot consider arguments that the lower court was incorrect and should be reversed if the written orders and transcript pages containing the appealed decisions are not before United States."). Here, we do not know why Judge Leinenweber acted as he did and, therefore, we cannot evaluate Trask's claim that his decision was incorrect.
 
 
 4
 Moreover, Trask makes no legal argument beyond asserting that she did state a claim for the violation of her due process rights. She neither explains the basis for this assertion nor cites pertinent authority supporting her position. Although Trask is correct that pro se pleadings are to be liberally construed, on appeal "[e]ven pro se litigants ... must expect to file a legal argument and some supporting authority." United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995) (per curiam); see also United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) (per curiam) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."). As we have said elsewhere: "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point. We will not do [her] research for [her]." Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 
 5
 For these reasons, this appeal is DISMISSED
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)