124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carlos DOWELL, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 96-2358.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 13, 1997.*
Aug. 14, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.
 
 ORDER
 
 2
 Carlos Dowell was convicted in December 1994 by a jury of car-jacking in violation of 18 U.S.C. § 2119[1] and was sentenced as a career offender under U.S.S.G. § 4B1.1 to 180 months' imprisonment. On direct appeal, Dowell unsuccessfully challenged the sufficiency of the evidence and the district court's application of the career offender sentencing provisions. He now seeks to vacate his conviction and sentence under 28 U.S.C. § 2255 based on constitutional challenges to the sufficiency of the indictment, to the constructive amendment of the indictment, and to his counsel's performance. The district court denied Dowell's petition but granted him a certificate of appealability.[2] Because Dowell has not demonstrated a violation of his constitutional rights or a right to relief pursuant to § 2255, we affirm.
 
 
 3
 Dowell's indictment charged that "while possessing a firearm, [Dowell] did intentionally take a motor vehicle, ..., such vehicle having previously been transported, shipped, and received in interstate commerce, from [the victim] by violence and intimidation, by striking [the victim] in the back of the head with a firearm with the intent to cause bodily injury." Dowell now argues that his constitutional rights were violated because his indictment did not include the elements of force or foreign commerce, and because the indictment was constructively amended when the jury received evidence and instructions on these elements. In addition, he contends that his counsel's failure to object to the indictment's sufficiency and its constructive amendment constituted ineffective assistance in violation of the Sixth Amendment. The district court held that the indictment's omission of the term "force" did not constitute a "fundamental" defect entitling Dowell to collateral relief because the indictment's requirement of "violence and intimidation" sufficiently notified Dowell of the charges against him under 18 U.S.C. § 2119; that Dowell's stipulation that the car had moved in interstate commerce was valid and not undermined by evidence showing that the car had been manufactured in Canada; that the evidence and instructions presented to the jury did not constructively amend the indictment so as to result in plain error; and finally, that Dowell failed to show that his counsel performed deficiently within the meaning of Strickland v. Washington, 466 U.S. 668, 687 (1984).[3]
 
 
 4
 Section 2255 permits a court to grant relief "if the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Dowell essentially argues that his conviction is unconstitutional due to a deficiency in and a constructive amendment to the indictment. Notably, Dowell did not challenge the indictment or raise a constructive amendment claim on direct appeal. Although his failure to raise these objections normally bars review in a § 2255 proceeding absent a showing of cause and prejudice, see United States v. Frady, 456 U.S. 152, 165 (1982), the record indicates that the government did not raise a procedural default defense. In any event, because the district court addressed Dowell's challenges to his indictment on the merits, and because Dowell's petition may reasonably be construed as alleging that his counsel's ineffective assistance was the "cause" for not raising these claims on appeal, we proceed to consider whether Dowell is entitled to collateral relief After reviewing the record and arguments on appeal, we agree with Judge Lozano's reasoning in his order dated May 2, 1996 that, read as a whole, the indictment adequately apprised Dowell of the charge against him, and thus, that he was not denied due process. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Spears, 965 F.2d 262, 279 (7th Cir.), cert. denied, 506 U.S. 989 (1992). Moreover, we agree that even if Dowell had raised his constructive amendment argument on direct appeal, he could not have showed that plain error undermined the fairness of his trial. See United States v. Feinberg, 89 F.3d 333, 339 (7th Cir.1996), cert. denied, 117 S.Ct. 997 (1997); United States v. Boyles, 57 F.3d 535 (7th Cir.1995). For the same reasons, Dowell's Sixth Amendment claim also fails. Hence, we hereby AFFIRM the district court's denial of Dowelln's § 2255 petition.
 
 
 
 *
 After an examination of the record and the briefs, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Section 2119 prescribes penalties for "[w]hoever ... takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation...." 18 U.S.C. § 2119
 
 
 [2]
 The district court granted Dowell a certificate of appealability only on his claim that the indictment was defective because it did not include the use of force as an element of the offense. We note, however, that Dowell did not need a certificate of appealability because he filed his petition in the district court on December 12, 1995, well before the effective date of the federal law requiring prisoners to obtain a certificate of appealability. See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"); Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (U.S. June 23, 1997) (reversing decision that procedural requirements imposed by AEDPA applied retroactively to pending cases). Thus, Dowell's timely notice of appeal effectively secured this court's jurisdiction to review all of the challenges raised in his § 2255 petition
 
 
 [3]
 We note that Dowell did not attach the district court's order to his appellate brief as required by Rule 30 of the Federal Rules of Appellate Procedure and our Circuit Rule 30. We remind Dowell that his pro se status does not absolve him from this responsibility. See In re Galvan, 92 F.3d 582 (7th Cir.1996) (noting that an appellant who fails to attach the district court's order risks being sanctioned)