UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph H. EVANS, Defendant–Appellant.

No. 96–4045.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 2, 1997.

Decided Dec. 1, 1997.

Lawrence S. Beaumont (argued), Office of the United States Attorney, Urbana Division, Urbana, IL, for Plaintiff–Appellee.

Robert G. Granda (argued), Jon G. Noll, Jeffrey T. Page, Springfield, IL, for Defendant–Appellant.

Before ESCHBACH, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

A jury convicted Joseph Evans of possessing cocaine base with intent to distribute that drug; he was sentenced to 240 months' imprisonment in light of his prior drug and weapons convictions. Police found a package of crack cocaine in his pocket when he was arrested en route to a delivery. On executing a search warrant for the apartment where Evans was staying they found another 285 grams of cocaine, a digital scale, heroin residue (with Evans's fingerprint on the container), and proceeds of earlier drug sales. Evans argued at trial that other people had access to the room where the drugs were found, but, having confessed to the police that the drugs were his, Evans cannot expect an appellate court to declare that no reasonable jury could have found the evidence of possession sufficient. Lawyers have a duty to the court, transgressed in this case, to refrain from frivolous arguments.

■ Evans's other argument may not be frivolous but was waived. Before trial Evans moved to suppress the cocaine discovered in the search incident to his arrest. (Actually he moved to "suppress the arrest," an impossible request but one that conveyed the idea). He did not ask the judge to exclude the evidence seized when the police executed the search warrant for the apartment. The district judge took evidence, concluded that the police had probable cause to arrest Evans, and accordingly denied the motion. On appeal Evans argues that the factual narration in support of the search warrant was unsworn, producing a violation of the fourth amendment. He also contends that the informant was unreliable and that the warrant is otherwise inadequately supported. But he did not ask the district judge to suppress the evidence seized from the apartment. According to Fed.R.Crim.P. 12(b), "[t]he following *must* be raised prior to trial: ... (3) Motions to suppress evidence" (emphasis added). Rule 12(f) adds: "Failure by a party to raise defenses or objections or to make requests which must be made prior to trial ... shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." To the extent Evans argues indirectly that the arrest was unlawful as the fruit of an invalid search of the apartment, he has the timing backward: the arrest preceded the search, and we agree with the district court's conclusion that the arrest was supported by probable cause. Any challenge to the use of the evidence seized from the apartment is barred by Rule 12(f) unless Evans can establish "cause" for relief from the waiver.

■ "Cause" is a more stringent requirement than the plain-error standard of Fed. R.Crim.P. 52(b). See *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). This case shows why it is important to make suppression motions in the district court: although the written factual narration is unsworn, the officer and informant may have been sworn orally by the state judge who issued the warrant. The lack of a factual record makes it impossible to know whether a violation of the Constitution's "Oath or affirmation" requirement has occurred. Evans has not tried to establish "cause" for neglecting this subject earlier; indeed, his opening brief does not mention the fact that the issue was not presented to the district court. His reply brief halfheartedly contends that trial counsel was ineffective for failing to make the necessary motion to suppress, but this argument is too late and too undeveloped to be considered. Evans may present this contention under 28 U.S.C. § 2255, though he should first reflect on the conclusion of *Holman v. Page*, 95 F.3d 481 (7th Cir.1996), that an attorney's failure to achieve suppression of probative evidence cannot be ineffective assistance, because the defendant cannot show "prejudice" from the use of evidence that increases the probability of an accurate verdict.

■ Evans's appellate lawyer not only failed to acknowledge the waiver or argue that there was "cause" for the omission but also made a misrepresentation to this court about a fact material to that subject. Circuit Rule 30(b)(1) requires an appellant to include, in the appendix to the brief, "[c]opies of any ... opinions or orders in the case that address the issues sought to be raised." Naturally we looked in the appendix to find the district judge's opinion or order on the motion to suppress. It is not there. Counsel attached the judgment, the district court's statement of reasons for the 240–month sentence (though the length of the sentence was not contested on appeal), the application for the search warrant, and 10 pages (7–12 and 23–26) of the transcript of the hearing on the motion to suppress. The district judge's opinion denying the motion was nowhere to be found. A suspicious judge might think that counsel omitted this document in the hope that we would not discover what the opinion reveals: that Evans's argument in the district court was confined to the evidence seized incident to the arrest. Nonetheless, we dug the opinion out of the record—for reading the rulings being contested is an essential part of an appellate judge's preparation.

Whether or not the lawyer who signed Evans's brief (Jon Gray Noll of Springfield, Illinois; Robert Granda, who argued the case and is listed in the printed reports, is not

responsible) set out to deceive, he has no excuse. The rule is clear, and it is not possible to plead oversight: to ensure that lawyers adhere to this rule, which we deem vital to the appellate task, see *Hill v. Porter Memorial Hospital,* 90 F.3d 220, 225–27 (7th Cir.1996), we require them to certify compliance. Only a lawyer who knows about Circuit Rule 30 files that certificate. A lawyer who is unaware of Rule 30 omits the certificate, and the clerk's office then returns the brief for compliance. Noll, a frequent practitioner in this circuit, knows about Rule 30 and certified his compliance. The certificate states that the appendix contains the materials required by Circuit Rule 30; this is false.

Noncompliance with Circuit Rule 30 is rare in civil cases but rampant in criminal cases. The court's response to omissions from appendices doubtless explains the difference. Civil cases may be summarily affirmed when the appellant does not furnish the court with the decision he seeks to have reviewed. See, e.g., *Urso v. United States,* 72 F.3d 59, 61 (7th Cir.1995); *Mortell v. Mortell Co.,* 887 F.2d 1322, 1327 (7th Cir.1989). In criminal cases, however, the court is unwilling to penalize litigants for the shortcomings of their agents—for the stakes usually are greater, and most defendants have little ability to supervise their lawyers. To induce counsel to live up to their obligations, we announced in *In re Galvan,* 92 F.3d 582, 584–85 (7th Cir.1996):

> When meting out sanctions, we bear in mind that there is an element of public service in the representation of the accused in criminal cases, and we do not want to thin the ranks of volunteers. Nonetheless, rules must be enforced—especially when violation entails misrepresentation to the court. We therefore have decided that fines will be used in future criminal cases, but only for briefs filed after July 19, 1996, the date *Hill* made it pellucid how important this court deems compliance with Rule 30 to be.

Compliance with Circuit Rule 30 in criminal cases improved substantially after *Hill* and *Galvan* were released, but their effect seems to have worn off. Fewer than half of the briefs filed in criminal appeals in recent months include all of the materials required by Circuit Rule 30.

Shortcomings in some cases may be attributable to the fact that the version of Rule 30(b) in force for many years referred to "opinions" and "orders", language that did not explicitly cover oral rulings. Opinions of the court informed the bar that transcribed oral statements of reasons must be included in the appendix, but lawyers who read the rules without doing additional legal research could have been misled. To eliminate this ambiguity Circuit Rule 30(b)(1) has been amended, effective December 1, 1997, to require: "Copies of any other opinions, orders, or oral rulings in the case that address the issues sought to be raised. If the appellant's brief challenges any oral ruling, the portion of the transcript containing the judge's rationale for that ruling must be included in the appendix." Recognition of the old rule's uncertain application to transcripts also has led us to prefer admonishments to monetary sanctions when appendices lacked district judges' oral statements. See *United States v. Jackson,* 121 F.3d 316, 320 n. 1 (7th Cir. 1997); *United States v. Wallace,* 114 F.3d 652, 654 n. 1 (7th Cir.1997). That forbearance, which will end for briefs filed on or after December 1, is not material to Evans's appeal, because the district judge rendered a written rather than an oral opinion. The Rule's application to Evans's case is crystal clear. Application of the approach announced in *Galvan* is especially apt here, given the distinct possibility that the omission was a strategic decision. We give attorney Noll 14 days to show cause why he should not be fined $1,000 (the same amount as in *Hill*) for noncompliance with Circuit Rule 30(b)(1) and making a misrepresentation to the court.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED.