[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 99-14311

D.C. Docket No. 96-00472-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO EMILIANO SUESCUN, a.k.a. Nelson Emiliano,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(January 8, 2001)**

Before TJOFLAT and HULL, Circuit Judges, and PROPST*, District Judge.

_____
* Honorable Robert B. Propst, U.S. District Judge for the Northern District of
Alabama, sitting by designation.

TJOFLAT, Circuit Judge:

I.

This case began on May 24, 1996, when a Southern District of Florida grand jury indicted Pablo Suescun and nine others on two counts: conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute.[1] While the case was awaiting trial, the United States Attorney for the Southern District of Florida, Kendall Coffey, resigned and, on June 1, 1996, the Attorney General, acting pursuant to 28 U.S.C. § 546(a), appointed a temporary United States Attorney, William Keefer, to replace him. Under the statute, the term of this appointment could not exceed 120 days.

On June 21, 1996, during Keefer's term of office, the grand jury returned a superceding indictment (the "indictment"); this indictment contained the same two counts of the initial indictment, but added four more defendants. On September 29, 1996, Keefer's temporary appointment expired and the district court, acting pursuant to 28 U.S.C. § 546(d), appointed Keefer interim United States Attorney.

On December 7, 1998, while Keefer was serving as interim United States Attorney, Suescun's case went to trial.[2] An assistant United States Attorney

---

[1] The conspiracy offense allegedly took place between October 26, 1995 and May 17, 1996; the possession offense allegedly occurred on February 19, 1996.

[2] Suescun was tried with codefendant Fernando De La Cruz; the remaining codefendants pled guilty pursuant to plea agreements with the Government. Some of them testified for the Government at the trial.

("AUSA") designated by Keefer prosecuted the case for the Government, and the jury found Suescun guilty as charged.[3] The court thereafter sentenced Suescun to concurrent prison terms of 262 months,[4] and this appeal followed.

Suescun asks us to vacate his convictions on several grounds. First, he contends that the indictment was a nullity because it was obtained by a temporary United States Attorney who had not been appointed by the President and confirmed by the Senate, as required by the Appointments Clause, U.S. Const. art. II, § 2, cl. 2.[5] Suescun contends, therefore, that his convictions cannot stand and that the indictment must be dismissed. Second, assuming the validity of the indictment, Suescun contends that both the Appointments Clause and the Separation of Powers principle precluded the district court from appointing Keefer interim United States Attorney; consequently, Suescun's convictions are a nullity and the case must be

---

[3]   De La Cruz was convicted on count two of the indictment. We affirmed his conviction in United States v. De La Cruz, No. 99-10259 (11th Cir. February 29, 2000).

[4]   The court ordered that these sentences run concurrently with a life sentence Suescun received on August 27, 1998, for a drug trafficking offense. We affirmed his conviction for that offense in United States v. Gomez, et al., No. 98-5069 (11th Cir. December 9, 1999).

[5]  The Appointments Clause states in pertinent part that the President
shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.
U.S. Const. art. II, § 2, cl. 2.

3

remanded for further proceedings. Third, Suescun contends that the evidence was insufficient to convict him. Fourth, he contends that the district court abused its discretion in permitting the Government to establish, under Rule 404(b) of the Federal Rules of Evidence, that he had been convicted of drug trafficking in 1995 and that prior to committing the instant offenses he had purchased equipment to detect whether his telephones were being tapped. Suescun's third and fourth grounds are meritless; we therefore dispose of them without further comment. We focus instead on the first two issues he raises: whether Keefer's appointments under 28 U.S.C. sections 546(a) and (d) require us to vacate Suescun's convictions and, with respect to the first contention, to direct the district court to dismiss the indictment.

## II.

Rule 12 of the Federal Rules of Criminal Procedure states, in pertinent part:

(b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. . . . The following must be raised prior to trial:
   (1) Defenses and objections based on defects in the institution of the prosecution; or
   (2) Defenses and objections based on defects in the indictment . . . (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings) . . .
      . . . .

4

(f) <u>Effect of Failure to Raise Defenses or Objections</u>.  Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court . . . shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

Suescun's challenges to Keefer's appointments were capable of determination without the trial of the general issue (whether he was guilty of the charged offenses). Because the challenges are based either "on defects in the institution of the prosecution," Fed. R. Crim. P. 12(b)(1), or "defects in the indictment," Fed. R. Crim. P. 12(b)(2), Suescun was required to present these objections "prior to trial" or "at the time set by the court,"[6] Fed. R. Crim. P. 12(f). He did neither, and therefore waived those challenges.  Notwithstanding the waiver, he could have asked the district court to entertain his challenges "for cause shown," Fed. R. Crim. P. 12(f), but he did not.  Arguably, he could have asked us to grant relief from the waiver, but he has not done so.[7]

---

[6]  Southern District of Florida Local Rule 88.9(C) requires motions in criminal cases to be filed within 28 days of a defendant's arraignment.  Suescun was arraigned on July 3, 1996. The district court modified the local rule through various superceding orders in conjunction with trial continuances.  The court, in its May 12, 1998 order, set the final date for filing pretrial motions as July 15, 1998.

[7]  At first blush, granting relief from a Rule 12(f) waiver "for cause shown" would seem to be a matter for the district court:  First, because the determination of cause would appear to be a mixed question of fact and law, and second, because the district court is involved in the administration of every other subsection of Rule 12.  <u>See, e.g.</u>, Fed. R. Crim. P. 12(e) ("A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred . . . ."); <u>see also</u> <u>United States v. Wilson</u>, 115 F.3d 1185, 1190 (4th Cir. 1997); <u>United States v. Howard</u>, 998 F.2d 42, 52 (2d Cir. 1993) ("[A] district court may grant relief

5

Although he has made no mention of Rule 12(b) in his brief, Suescun apparently recognizes its application here, because, without citing the words in subsection (2) – "fails to show jurisdiction in the court" – he contends that we should dismiss the indictment for precisely that reason.[8]  That is, he argues that the district court lacked jurisdiction to entertain the indictment because the indictment was returned while Keefer was serving as a temporary United States Attorney. Assuming that the court had jurisdiction to try the case, he argues alternatively that we should vacate his conviction and remand the case for a new trial because it was tried by an AUSA acting pursuant to Keefer's authorization or under his supervision as interim United States Attorney.[9]

A district court lacks jurisdiction to entertain a criminal case if it appears that the Government "lacked power to prosecute the defendant."  United States v.

---

from the waiver . . . .").  In <u>Davis v. United States</u>, 411 U.S. 233, 245, 93 S. Ct. 1577, 1584, 36 L. Ed. 2d 216 (1973), however, the Court considered whether in a collateral proceeding brought under 28 U.S.C. § 2255, a district court abused its discretion in not granting a waiver – implicitly holding that the court could have granted relief for cause shown.  One circuit has held that an appellate court may consider whether the defendant had cause to raise on appeal a defense waived under Rule 12(f).  <u>See</u> <u>United States v. Evans</u>, 131 F.3d 1192, 1193 (7th Cir. 1997). Because Suescun has not asked us to grant him relief from his waivers, we do not have to decide whether we have the authority under Rule 12(f) to do so.

[8]  If the objection implicates the jurisdiction of the district court to entertain the case, we must notice the issue.  <u>See</u> Fed. R. Crim. P. 12(b)(2); <u>United States v. Fitzhugh</u>, 78 F.3d 1326, 1330 (8th Cir. 1996).

[9]  We read Suescun's alternative argument as saying that a "defect in the institution of the prosecution" occurred when the case proceeded to trial under Keefer's watch.

6

<u>Fitzhugh</u>, 78 F.3d 1326, 1330 (8th Cir. 1996).  An appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute.  In <u>Fitzhugh</u>, for example, the Eighth Circuit held that an indictment obtained by an Independent Counsel who may have exceeded his authority did not affect the government's power to prosecute and thus did not deprive the district court of jurisdiction.  <u>Id.</u>; <u>accord</u> <u>United States v. Easton</u>, 937 F.2d 160, 162 (5th Cir. 1991) (holding that the district court's jurisdiction was not affected even though the assistant United States Attorney who signed the indictment had been directed to do so by a United States Attorney who was disqualified to participate in the prosecution of the case); <u>United States v. Coppola</u>, 526 F.2d 764, 772-73 (10th Cir. 1975) (implying that the presence of a Department of Justice "special attorney" in the grand jury room, in violation of Fed. R. Crim. P. 6(d), did not raise a jurisdictional issue).[10]  In sum, even if we

_____

[10]  Some courts of appeals have found defects in the indictment to be jurisdictional even where the defect did not concern the government's power to prosecute, but none of these decisions is controlling here.  For example, in <u>United States v. Macklin</u>, 523 F.2d 193, 195 (2d Cir. 1975), the court held that the extension of a grand jury's term beyond that prescribed by law constituted a jurisdictional defect in the indictment.

In <u>United States v. Gantt</u>, 194 F.3d 987 (9th Cir. 1999), the Ninth Circuit held that an infirmity in the appointment of a United States Attorney implicated the court's jurisdiction to consider an appeal taken by the government pursuant to 18 U.S.C. § 3731.  In that case, the defendant questioned the court of appeals' jurisdiction to entertain the appeal because an interim United States Attorney, appointed under 28 U.S.C. § 546(d), had signed the section 3731 certificate.  Section 3731 requires that " 'the United States attorney certif[y] . . . that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.' "  <u>Gantt</u>, 194 F.3d at 997 (quoting 18 U.S.C. § 3731).  The court implicitly agreed

7

were to assume that Keefer's appointment as temporary United States Attorney was invalid[11] – because it was not made in conformance with the Appointments Clause – we conclude that the appointment did not deprive the district court of jurisdiction to entertain the case and to adjudicate Suescun guilty of the charged offenses. Suescun waived his objection to the validity of the indictment because he did not present it as required by Rule 12(b), and the jurisdictional exception does not apply.[12]

---

that an interim United States Attorney is "the United States Attorney" for purposes of § 3731, but reasoned that if the interim United States Attorney's appointment were constitutionally invalid, the certificate would be invalid and the appeal would have to be dismissed. Id. at 998. While Gantt held that an unconstitutional appointment of a United States Attorney would affect its jurisdiction to entertain a § 3731 appeal, it cautioned that such an appointment "would not generally affect the jurisdiction of th[e] court so long as a proper representative of the government participated in the action. . . . The constitutionality of § 546(d) would not affect the validity of indictments, by contrast, as indictments need only be signed by an 'attorney for the government.' " Id. (quoting Fed. R. Crim. P. 7(c)(1)). The superceding indictment in the instant case was signed by both the United States Attorney and an AUSA, an attorney for the Government.

[11] Nothing herein should be construed as expressing any opinion regarding the validity of Keefer's appointment. We note that two circuits have stated in dicta that United States Attorneys are "inferior" officers within the meaning of the Appointments Clause, see United States v. Hilario, 218 F.3d 19, 25 (1st Cir. 2000); United States v. Gantt, 194 F.3d 987, 999-1000 (9th Cir. 1999); see also Myers v. United States, 272 U.S. 52, 159, 47 S. Ct. 21, 39, 71 L. Ed. 160 (1926), and therefore may be appointed by "the President alone, [by] the Courts of Law, or [by] the Heads of Departments," U.S. Const. art. II, § 2, cl.2. The First Circuit has held that the appointment of a United States Attorney by the district court does not violate the principle of Separation of Powers. See Hilario, 218 F.3d at 28-29.

[12] Suescun also suggests that an error in the appointment of the United States Attorney creates a "structural" defect that requires reversal despite having been waived. Structural defects do not absolve a defendant's waiver of a defense or objection. Rather, such defects are reviewed under a standard requiring the error to be harmless beyond a reasonable doubt instead of the traditional harmless-error analysis. Brecht v. Abrahamson, 507 U.S. 619, 630, 113 S. Ct. 1710,

Suescun's alternative argument fails of its own weight because, on its face, it does not question the district court's jurisdiction. Rather, the argument admits that the court had the power to try the case and focuses instead on the AUSA's authority to represent the Government. This argument was similarly waived when not raised as required by Rule 12(b).[13]

---

1717, 123 L. Ed. 2d 353 (1993). Further, the structural defects that may avoid the traditional harmless-error analysis are those which implicate the " 'basic protections [without which] a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.' " Arizona v. Fulminante, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991) (quoting Rose v. Clark, 478 U.S. 570, 577-78, 106 S. Ct. 3101, 3106, 92 L. Ed. 2d 460 (1986)). Such claims include the deprivation of the right to counsel, the "unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, and the right to public trial." Id. at 309-10, 111 S. Ct. at 1265 (internal citations omitted). The structural error Suescun alleges does not implicate the overall fairness of the trial, but rather the structure of the federal government. See, e.g., United States v. Colon-Munoz, 192 F.3d 210, 217 n.9 (1st Cir. 1999) (discussing the different meanings of structural errors).

[13]    We do not review Suescun's objections on appeal for plain error. Rule 12(f) clearly states that the failure of a party to raise an objection or defense which should have been made before trial under Rule 12(b) constitutes a "waiver." See United States v. Weathers, 186 F.3d 948, 955 (D.C. Cir. 1999). Unlike the forfeiture of an objection or defense, a waiver precludes plain error review. United States v. Olano, 507 U.S. 725, 733-34, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993). Here, the claimed error began with the district court's appointment of Keefer on September 29, 1996 – nearly two years before trial. Suescun had all the information necessary to challenge the appointment prior to the date set by the district court for pretrial motions, but did not. Suescun therefore intentionally relinquished a known right and we will not review the allegedly defective appointments for plain error. See id. at 733, 113 S. Ct. at 1777. Further, Suescun's claims do not fall into the category of constitutional rights that may not be waived unless done expressly by the defendant. See, e.g., 2 W. LaFave, J. Israel, and N. King, Criminal Procedure § 11.6 (2d ed. 1999).
    At oral argument, the Government suggested that we should consider Suescun's arguments on the merits because the Government's brief mistakenly argued that the proper standard of review was plain error. While we appreciate the Government's candor with the court, Rule 12 still applies and Suescun waived his objections by not raising them prior to the time set by the district court.

9

AFFIRMED.