**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Phillip T. CHARLESTON, Defendant–Appellant.**

No. 02–3620.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.

Decided April 28, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

In September 2001 a jury found Phillip Charleston guilty of two counts of carrying a firearm during a violent crime, 18 U.S.C. § 924(c)(1), one count of obstructing commerce by robbery, 18 U.S.C. § 1951, one count of carjacking, 18 U.S.C. § 2119, and one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The events underlying these convictions were Charleston's participation in an armed robbery of a Kentucky Fried Chicken in July 2000, and his participation in a carjacking of a United Parcel Service delivery truck and robbery of its driver in November 2000. Charleston was sentenced to a total of 492 months' imprisonment, concurrent terms of three years of supervised release for each count, $13,413.72 in restitution, and $500 in special assessments.

Charleston's counsel filed a notice of appeal, but because he could not discern a nonfrivolous issue he now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Charleston was notified of his counsel's motion, *see* Cir. R. 51(b), and has filed a response. We confine our review to the potential issues discussed in counsel's facially adequate *Anders* brief and Charleston's response. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we conclude that the potential issues identified by counsel and Charleston are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel discusses one potential issue: whether the district court erred in denying Charleston's motion to suppress evidence as being untimely. Shortly after the carjacking, an officer spotted the UPS truck in front of a residence at 862 Tennessee Street in Gary, Indiana. As the officer approached, he observed various packages scattered on the lawn of that residence and the one next door; he also noted that the door to 862 Tennessee Street was open. According to his testimony at trial, the officer believed the perpetrators of the carjacking to be inside, and so he entered the residence without a warrant. No one was inside, but the officer did recover more packages, a rifle, two red bandanas, and a traffic ticket issued to Charleston. On April 25, 2001, during Charleston's arraignment, the district court ordered that any pretrial motions, including motions to suppress evidence, be submitted within ten days. Charleston did not file a pretrial motion regarding the search. During his trial in November, however, Charleston's counsel made an oral motion to exclude evidence seized at 862 Tennessee Street, contending that the warrantless search violated Charleston's Fourth Amendment rights. Counsel explained that Charleston's mother owned the residence and that Charleston lived there on weekends (he lived with his sister during the week). The district court concluded that Charleston had waived this issue by not presenting it in a pretrial motion, and that he had not presented good cause justifying relief from waiver.

■ Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence be made before trial. *United States v. Mancillas*, 183 F.3d 682, 703-04 (7th Cir.1999); *United States v. Evans*, 131 F.3d 1192, 1193 (7th Cir.1997). The district court may set a deadline by which parties must make such motions, Fed.R.Crim.P. 12(c), and parties waive any Rule 12(b)(3) defenses or objections they failed to raise by that deadline, Fed.R.Crim.P. 12(e) (formerly Rule 12(f)). The court, however, may grant relief from waiver if a party who missed the deadline

shows good cause. *Id.* In an attempt to show good cause, Charleston's counsel explained that he first learned during the trial that Charleston lived at the residence and explained that Charleston's mother had been hospitalized for two months at the time of the search. We agree with the district court that this reason cannot establish good cause. First, counsel could have learned at any time from Charleston himself or his sister (who was prepared to testify) that Charleston lived at the Tennessee Street residence. Second, Charleston's mother's hospitalization ended months prior to the arraignment, and she was available in the months between the arraignment and the trial. Thus, we agree with counsel that an appeal based on this issue would be frivolous.

■ Charleston offers an additional potential issue for appeal: whether the district court erred in admitting written confessions he gave to police in the days following the carjacking, in which he describes his involvement in that crime and others. Prior to trial, Charleston moved to exclude his statements on the ground that he did not give them voluntarily; the district court held an evidentiary hearing and concluded that they were given voluntarily. Charleston contends in his Rule 51(b) response that he had attempted suicide the night before he confessed and was under the influence of mind-altering drugs at the time. But the confessions came after he signed a written waiver verifying he was not under the influence of drugs or alcohol. In addition, one of the interviewing officers testified that (1) Charleston stated he was not under the influence of drugs and explained he was "feeling fine" except for being "a little tired," and (2) based on the officer's experience, Charleston did not appear to be under the influence of drugs. Charleston did not testify and offered no evidence to contradict the officer's testimony. The district court relied on this testimony in concluding that Charleston made the statements voluntarily. On appeal we would defer to the district court's decision to credit the offer's testimony unless it were "exceedingly improbable." *United States v. Huerta,* 239 F.3d 865, 872 (7th Cir.2001). Because Charleston made no showing at the district court (and offers no reasons in his response) to suggest the officer's testimony was improbable, an appeal on this issue would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. Charleston's request that we appoint new counsel is DENIED.