UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 12, 2004
Decided May 19, 2005

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-2502

| | |
|---|---|
| LEONARD E. CARTER, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 00-C-1412 |
| UNITED STATES OF AMERICA, | |
| *Respondent-Appellee*. | Rudolph T. Randa, |
| | *Chief Judge*. |

## O R D E R

On July 21, 1998,  Leonard Carter was convicted by a jury for possession of a firearm by a felon and possession of marijuana.  Following sentencing, Carter filed a motion pursuant to 28 U.S.C. § 2255 to correct, vacate or set aside his sentence. The district court denied that motion, finding that Carter's trial attorney rendered effective assistance and that any similar claim against his appellate counsel was moot.  Carter appeals the district court's denial of his § 2255 motion, arguing that his trial counsel performed deficiently by failing to: (1) stipulate to his prior felony convictions; (2) argue properly the effect of his three juvenile adjudications for armed robbery; and (3) challenge effectively the search warrant.  Carter also claims

his attorney on direct appeal rendered ineffective assistance by advising Carter to withdraw his appeal and for failing to pursue his Fourth Amendment, evidentiary and sentencing claims.  Because the record on appeal fails to reveal either deficient performance by counsel or prejudice to Carter, we affirm the district court's denial of his § 2255 motion.

## I. BACKGROUND

On March 23, 1998, Milwaukee police officers executed a search warrant at a Milwaukee apartment and found the following items in one of the apartment's two bedrooms: a small bag of marijuana, a .22 caliber Intratec pistol under the mattress, a .45 caliber Webley revolver in the closet, and unfired ammunition for both the .22 caliber and .45 caliber pistols.  The defendant, Leonard Carter, who was alone in the apartment at the time of the search, told the officers that he had spent the night in the bedroom in which the weapons were found.  During questioning, and before he was ever informed what type of guns were recovered, Carter was able to accurately describe the weapons.  He also said that he would take responsibility for the .22 caliber pistol and the marijuana because he did not want to put them off on his girlfriend who lived in the apartment.  Carter indicated that he found the .22 caliber handgun two weeks prior at the Westlawn Housing Project.  He later admitted that he purchased the .45 caliber pistol on the street.

On April 21, 1998, a grand jury indicted Carter in the Eastern District of Wisconsin, charging him with one count of felon in possession of a firearm and one count of possession of marijuana.  After a trial, the jury convicted Carter of both counts.  He was sentenced to 260 months imprisonment on the felon in possession count and 12 months for the marijuana count, with the sentences to run concurrently.

Carter's trial counsel, Mark Stern, withdrew, and this court appointed Michael Backes to represent the defendant in his direct appeal.  In his opening brief, Backes raised a sufficiency of the evidence claim and an ineffective assistance of counsel claim.  In his reply brief, however, Backes indicated that the appeal should be dismissed because the sufficiency of the evidence claim lacked merit and the ineffective assistance of counsel claim would be more appropriate in a 28 U.S.C. § 2255 petition.  This court ordered the appeal dismissed "with the understanding that [the dismissal was] without prejudice to presenting in a timely collateral attack any appropriate argument, including an argument that Carter did not receive effective assistance of counsel."  Backes then withdrew.

Subsequently, Carter filed a *pro se* § 2255 petition and the court appointed Carter's current counsel, who filed a supplemental brief on Carter's behalf.  On March 31, 2003, the district court denied Carter's § 2255 motion.  On appeal, Carter argues the following:  trial counsel rendered ineffective assistance by failing to stipulate as to the nature of Carter's prior convictions; trial counsel was ineffective for failing to object to the use of juvenile adjudications to enhance Carter's sentence;

trial counsel was ineffective for not challenging the search warrant; and appellate counsel rendered ineffective assistance by advising the defendant to dismiss his appeal.

## II.  ANALYSIS

In assessing ineffective assistance of counsel claims, this court employs the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  That inquiry asks: (1) whether counsel's performance fell below an objective standard of reasonableness; and (2) whether the defendant was prejudiced by counsel's deficient performance.  *Id.* at 687.  With regard to the objectively unreasonable performance element, the test is "highly deferential," presumes reasonable judgment, and avoids second guessing counsel's strategic decisions.  *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997).  Concerning the second prong, this court will find prejudice where there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."  *Id.*

## A.     Trial Counsel's Failure to Stipulate to Prior Convictions

The jury convicted Carter under 18 U.S.C. § 922(g)(1), which generally prohibits felons from possessing firearms.  For reasons unknown, Carter's trial counsel did not accept the government's offer to stipulate to the fact that Carter had the requisite prior felony conviction under § 922(g).  Instead, the government presented the jury with certified copies of two prior convictions, one for felony recklessly endangering safety and the other for felony possession with intent to distribute cocaine.  Because the government's stipulation would have shielded from the jury the substance of Carter's prior convictions, as opposed to their mere existence, Carter contends that his trial counsel rendered ineffective assistance by failing to accept the government's offer.

Carter argues that the substance of a prior conviction is presumptively inadmissible, and relies principally on *Old Chief v. United States*, 519 U.S. 172 (1997) for support.  *Old Chief* held that a district court abused its discretion under the Federal Rules of Evidence by refusing to allow a defendant, prosecuted under § 922(g), to concede the fact of his prior conviction.  *Id.* at 174.  We disagree with Carter's assertion that *Old Chief* compels us to find that trial counsel performance was deficient because he did not stipulate to the prior conviction.

We can only speculate as to why Carter's trial counsel declined to stipulate.  Carter may have refused to allow counsel to do so.  *See United States v. Holman*, 314 F.3d 837, 844 (7th Cir. 2002) (recognizing that counsel may not stipulate to a defendant's status as a convicted felon, one of the elements of the offense, without that defendant's consent).  Perhaps also, as the government surmises, Carter's counsel made the strategic decision to allow the nature of the convictions to be presented to the jury during the government's case in chief because Carter had

already decided to testify, and counsel wanted the nature of the prior judgments revealed before his client took the stand. *See* Fed. R. Evid. 609.

In any event, we need not decide whether Carter's trial counsel was deficient for not stipulating, as Carter cannot show prejudice. *See United States v. Asubonteng*, 895 F.2d 424, 428-9 (7th Cir. 1990) ("Even if the record is insufficiently developed, we need not remand to the district court if we determine that the defendant cannot establish that he or she suffered some prejudice."). The evidence against Carter was substantial; he was found alone with the drugs and guns, Carter confessed that they belonged to him, and a police officer testified that he described the weapons before being advised by police as to what types of firearms they recovered from the apartment.

B.      Consideration of Defendant's Juvenile Armed Robbery Adjudications Under the Armed Career Criminal Act, 18 U.S.C. § 924(e)

The district court increased Carter's sentence pursuant to the Armed Career Criminal statute, 18 U.S.C. § 924(e)(1), based on his two prior qualifying adult offenses and his three juvenile armed robbery adjudications. Carter contends that his trial counsel performed deficiently at sentencing by failing to challenge the use of Carter's juvenile adjudications in the consideration of whether Carter qualified for the enhancement.

A defendant qualifies for the Armed Career Criminal enhancement if he has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "conviction includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(c). The statute defines the term "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, *or any act of juvenile delinquency involving the use or carrying of a firearm, knife or other destructive device that would be punishable by imprisonment for such term if committed by an adult.*

§ 924(e)(2)(B) (emphasis added). All of Carter's armed robbery juvenile adjudications involved the use of firearms and, therefore, qualify as violent felonies properly considered for purposes of the Armed Career Criminal enhancement.

Carter contends that we should ignore the statute's explicit references to juvenile adjudications and, instead, look to the definition of the phrase "crime punishable by imprisonment for a term exceeding one year," which was used in the aforementioned definition of "violent felony." Section 18 U.S.C. § 921(a)(20) provides:

> what constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with

the law of the jurisdiction in which the proceedings were held.  Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for the purposes of this chapter unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

In Wisconsin, the state where Carter's juvenile proceedings were held, juvenile judgments were not considered convictions for crimes at the time of Carter's adjudications.  Wis. Stat. § 48.35 (1993-94).  Thus, Carter argues his juvenile adjudications should not have been taken into consideration during sentencing.  Carter's argument fails, however, since his reading ignores the plain language of § 924(e), which expressly includes within its scope armed juvenile adjudications.  Consequently, trial counsel was not deficient for declining to pursue this line of argument.

C.      Failure to Challenge Search Warrant

Although Carter's trial counsel made a general motion to suppress the evidence seized in the case, he did not challenge the search warrant.  Carter argues that his trial counsel rendered ineffective assistance by merely filing a conclusory and ineffective motion requesting suppression generally.

The district court rejected Carter's ineffective assistance claim relying on *United States v. Evans*, 131 F.3d 1192, 1193 (7th Cir. 1997), which found: "an attorney's failure to achieve suppression of probative evidence cannot be ineffective assistance, because the defendant cannot show 'prejudice' from the use of evidence that increases the probability of an accurate verdict." (citing *Holman v. Page*, 95 F.3d 481 (7th Cir. 1996)).  Since the district court's ruling, this court has overruled that aspect of *Holman*.  *See Owens v. United States*, 387 F.3d 607 (7th Cir. 2004).  In *Owens*, we held that "the test of prejudice to be used in applying the standard of the *Strickland* case for ineffective assistance of counsel is not whether it would somehow offend fairness (a standard independently objectionable because of its vagueness) to allow the judgment to stand despite the defense lawyer's incompetent performance but whether that performance deprived his client of a 'substantive or procedural right to which the law entitled him.'"  387 F.3d at 611 (quoting *Williams v. Taylor*, 529 U.S. 362, 392-5, 120 S.Ct. 1495 (2000)).  In light of *Owens*, our task in assessing Carter's claim of prejudice is now whether counsel's conclusory motion deprived Carter of a procedural right entitled to him by the law.

It is clear, upon review of this record, that counsel's conclusory motion did not deprive Carter of any right because even a more elaborate attempt by Carter's lawyer to suppress the evidence would have been futile as the search warrant was supported by probably cause. The affidavit supporting the search warrant (1)

specifically described the area to be searched, (2) indicated that 72 hours prior, an informant who had provided reliable information that had resulted in convictions in the past had made a controlled purchase at the residence, (3) alleged that the same informant saw a handgun while in the residence, (4) noted that an anonymous citizen claimed there were three handguns in the residence, and (5) stated that Leonard Carter was recently paroled for drugs and was in the residence, and that his girlfriend, Evelyn Carter, who lived in the home, was involved in drug activity. *See United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991) (finding warrant based largely on informant's recent drug buy was supported by probable cause).

In any event, even if the warrant was not supported by probable cause, the officers here were entitled to rely on the good faith exception to the exclusionary rule as set forth in *United States v. Leon*, 468 U.S. 897, 926 (1984). To qualify for the good faith exception, the officers conducting the search must be able to manifest objective good faith belief in the validity of the warrant. *Leon*, 468 U.S. at 926. Absent the allegation that the issuing judge "abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* Based on the details of the warrant and particularly the reliability of the informant, the allegation that Carter's girlfriend was also involved with drugs, the separate witness who claimed he saw firearms in Carter's residence, and the absence of any facts that would indicate any impropriety on behalf of the officers, demonstrate that the good faith exception would apply here. Because no viable suppression argument existed, Carter's trial counsel was not objectively deficient for failing to challenge the search warrant.

D.     Appellate Counsel's Advice to Dismiss Appeal and Proceed Through a § 2255 Motion

As a final argument, Carter contends that appellate counsel was ineffective for first advising Carter to withdraw his appeal (with the understanding that a § 2255 attack would be brought later) and then subsequently withdrawing from the case leaving Carter without representation. The standards for establishing ineffective assistance of counsel when handling appeals are identical to those established by *Strickland*. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Because, as discussed above, none of Carter's ineffective-assistance-of-trial-counsel claims had merit, appellate counsel was not deficient for deciding not to pursue those claims. And, to the extent that Carter is arguing that counsel was deficient for not pursuing his Fourth Amendment argument on direct appeal, that claim also fails because, as we have already discussed, any challenge to the search warrant would have been futile. *See Gray*, 800 F.2d at 646 (holding that only appellate counsel's failure to challenge "significant and obvious" issues will result in a finding of deficiency).

## III.  CONCLUSION

The judgment of the district court is AFFIRMED.