In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 23-1615

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HAROLD U. MCGHEE,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:22-cr-10007-001 — **Michael M. Mihm**, *Judge.*

———————————

ARGUED FEBRUARY 21, 2024 — DECIDED APRIL 11, 2024

———————————

Before EASTERBROOK, BRENNAN, and KIRSCH, *Circuit
Judges.*

BRENNAN, *Circuit Judge.* Harold McGhee challenges many
of the proceedings that led to his convictions and sentence for
drug trafficking. His arguments are without merit or waived,
so we affirm the district court in full.

**I**

In August 2021, a confidential source informed law en-
forcement that a drug dealer was distributing large amounts
of cocaine in Peoria, Illinois. The source said the dealer drove
a Chevy Malibu and supplied cocaine to a house on West
Millman Street. With this information, details from other in-
formants, and a tracking warrant obtained in state court, the
police learned that McGhee lived on LaSalle Street, drove a
Chevy Malibu, and delivered cocaine. From this, they reason-
ably suspected that the drug dealer was McGhee.

Law enforcement investigated McGhee further. Between
August and December 2021, they conducted three controlled
buys. At the third buy, performed near the LaSalle Street
house and recorded on video, a confidential source met with
McGhee directly and purchased 8.5 grams of cocaine.

Two months later, agents conducted a trash pull at the
LaSalle Street house. Two large garbage cans were set out for
that day's collection in the alley fifty feet behind the house
and outside its fenced-in yard. The garbage and garbage cans
were covered in snow. Three kitchen size bags were sitting in
the cans on top of the snow. Officers opened the bags and
found rubber gloves and baggies with a white powdery resi-
due, which tested positive for cocaine.

Based on all of this evidence, law enforcement obtained a
search warrant for the LaSalle Street house, the Chevy
Malibu, McGhee's person, and his electronic devices. The af-
fidavit supporting the warrant recounted details of the inves-
tigation and included statements by confidential sources,
McGhee's history of drug trafficking convictions, and his af-
filiation with the LaSalle Street house. The affidavit described

that house as the "SUBJECT PREMISES" and did not use that phrase for any other building. When the warrant was executed, police discovered nearly a kilogram of various drugs, including methamphetamine, heroin, fentanyl, marijuana, and cocaine (powder and crack). Law enforcement also recovered a handgun and other paraphernalia related to drug trafficking. McGhee was later charged with five drug-related counts and three firearm counts.

McGhee sought to suppress the evidence recovered at the LaSalle Street house and moved for a hearing to challenge the validity of the search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978). He argued the affidavit's use of "SUBJECT PREMISES," in reference to both the LaSalle Street house and the Millman Street house, was impermissibly ambiguous. The district court denied the motion. McGhee's appointed counsel then withdrew, and McGhee pursued his defense pro se until this appeal.

McGhee later renewed his motion to suppress, raising only a new argument that the trash pull was constitutionally unreasonable because it was executed without a warrant. To him, this constitutional infirmity poisoned the evidence recovered during execution of the federal search warrant. Based in part on testimony from law enforcement about the location of the trash bags, the court denied McGhee's motion.

The government sought a number of pretrial rulings. Two are relevant here. First, it asked the district court to prohibit McGhee from challenging the lawfulness of the searches or seizures or asking witnesses to identify the confidential sources. Second, the government requested a pretrial ruling that McGhee had three prior convictions qualifying him for a mandatory minimum sentence of fifteen years under the

Armed Career Criminal Act, 18 U.S.C. § 924(e). McGhee objected to the second motion, asserting that one of the underlying convictions—which he committed as a minor—did not qualify as a "violent felony." But, he also acknowledged that the Eighth Amendment did not prohibit the use of the juvenile conviction to enhance his sentence. The court granted both motions.

Jury trial commenced. Despite the court's instruction that the controlled buys were off-limits, McGhee repeatedly attempted to establish that he did not engage in them. So, the government requested permission to show the jury a video capturing the third controlled buy. The court granted that request and denied McGhee's request to call the confidential source (heard in the video's audio) to the stand, as the video was played only to show that the buy occurred. The government introduced the video through the testimony of Officer David Logan. McGhee stated, "No objection," when the video was admitted into evidence.

On recross-examination of Logan, McGhee asked why the cocaine from the third controlled buy was not in court with the rest of the evidence. Logan responded it was still being tested.[1] During a sidebar, McGhee asked for the cocaine to be admitted into evidence. The court directed the government to attempt to retrieve it from the drug lab. The next day the government produced the cocaine, and it was received into evidence. After further recross, McGhee again insisted at a sidebar that the confidential source testify and persisted in his attempts to prove that the controlled buy never happened.

---

[1] McGhee was not charged with anything arising out of that specific buy, so that cocaine was not originally brought to trial.

On the fifth and final day of trial, the jury found McGhee guilty on all counts.

About three months later, McGhee moved for a new trial, arguing that the cocaine from the third controlled buy was fabricated and that the buy never occurred. McGhee contended that he learned from a call with the laboratory responsible for testing the cocaine that (1) the laboratory only received evidence from 2022, not from 2021 when the controlled buy occurred, and (2) the cocaine would have included a sticker with information pertinent to its testing. He asserted the evidence submitted at trial had no date and no time on it. The cocaine then, he argued, was fabricated. The district court denied McGhee's motion.

The court sentenced McGhee to 420 months' imprisonment. This sentence was within the Guidelines range and included the ACCA enhancement requested by the government. In pronouncing McGhee's sentence, the court discussed the required 18 U.S.C. § 3553(a) factors and heard McGhee's objections to the presentence report. McGhee did not raise a constitutional objection to the application of the ACCA enhancement.

## II

On appeal, McGhee raises ten challenges to the criminal proceedings resulting in his convictions and sentence. We consider some of his arguments on the merits and resolve others on procedural grounds.

## A

Four of McGhee's contentions have been properly appealed.

*1.* Franks *determination.* McGhee asserts the district court erred by permitting the government to respond during a hearing on his *Franks* motion without permitting cross-examination and by denying the motion. This court reviews a district court's decision denying a *Franks* hearing for clear error. *United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013). The district court's factual findings receive deference, and its legal determinations are reviewed de novo. *United States v. Taylor*, 63 F.4th 637, 650 (7th Cir. 2023).

Under *Franks*, a defendant must make a "substantial preliminary showing" that the affidavit supporting a search warrant is problematic. 438 U.S. at 170, 171. The court may, at its discretion, hold a hearing "to determine whether the preliminary showing could be met." *United States v. Sanford*, 35 F.4th 595, 598 (7th Cir. 2022). In making that showing, a defendant "need not disprove" "reasonable explanations for the omission of the information … before the *Franks* hearing itself." *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014). Though the government is entitled to respond to a defendant's *Franks* motion, the district court must not—should it elect to hold a hearing on that motion—permit the government to bolster the affidavit without giving the defendant "a full opportunity to challenge or rebut that evidence." *McMurtrey*, 704 F.3d at 509.

The district court did not procedurally err by allowing the government to respond to McGhee's *Franks* motion. The government did not introduce new evidence or call witnesses. And the district court restricted its analysis to McGhee's attempted showing and the proof he offered that the affidavit contained false statements, without weighing possible alternatives.

The court correctly denied McGhee's motion for a *Franks* hearing. A defendant must make three substantial preliminary showings to earn such a hearing: "(1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause." *Sanford*, 35 F.4th at 597 (quotation marks omitted). The second showing requires "an offer of proof." *Franks*, 438 U.S. at 171.

McGhee asserts he met his burden by showing that the affidavit contained two false statements, both of which were necessary for the probable cause determination. First, he says the state tracker warrants were falsified because they were never filed with the state clerk's office. Second, he says the federal search warrant contradicts the state tracker warrant because it is ambiguous as to whether a November 16, 2021 controlled buy occurred at the Milmann Street or LaSalle Street house.

These assertions are not enough. The fact that the tracker warrants were never filed is not proof that they were falsified. McGhee's conclusory statement does not follow from his offer of proof. *See United States v. Johnson*, 580 F.3d 666, 671 (7th Cir. 2009) (concluding that defendant failed to meet burden to show falsity of warrant where he "provide[d] no evidentiary basis" for that assertion).

McGhee's second assertion fares no better. He alleges the search warrant confused the address the state tracker warrants targeted with the one the affidavit sought to search. The tracker warrants mention only the Millman Street house, whereas the search warrant identified the LaSalle Street House—the "SUBJECT PREMISES"—as the "Property to Be

Searched." McGhee argues that two uses of "SUBJECT PREMISES" in the affidavit refer to the Millman Street house, not the LaSalle Street house, and thus constitute a falsehood.

These two uses are not problematic. The best McGhee can say is the federal warrant is ambiguous. But this is a factual determination, to which we defer to the district court. *Taylor*, 63 F.4th at 650. And as that court put it, ambiguity does not mean falsity. We conclude that the district court did not clearly err in denying McGhee a *Franks* hearing.

*2. Motion to suppress.* We review a district court's denial of a motion to suppress de novo as to legal conclusions and for clear error as to factual findings. *United States v. Correa*, 908 F.3d 208, 214 (7th Cir. 2018).

A person does not possess a "reasonable expectation of privacy in the inculpatory items that [he] discarded" in "plastic garbage bags left on or at the side of a public street." *California v. Greenwood*, 486 U.S. 35, 40, 41 (1988). That principle rings truer when the bags are left in this manner for trash pickup. *Id.* In that case, the person leaves the bags "for the express purpose" of having strangers take and "sort[] through" the items within. *Id.* at 40. As to homes more generally, the lack of a warrant prevents the physical occupation of "private property for the purpose of obtaining information." *United States v. Jones*, 565 U.S. 400, 404 (2012). But the shield of the Fourth Amendment ends at the boundary of a home's curtilage. *See Florida v. Jardines*, 569 U.S. 1, 5–6 (2013).

The evidence McGhee seeks to suppress was recovered from garbage bags, found in garbage cans, sitting in an alley outside the curtilage of the LaSalle house, awaiting trash pickup. Therefore, the search occurred outside the reach of

McGhee's reasonable expectation of privacy and comported with *Greenwood*. "What a person knowingly exposes to the public … is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). The search complied with the Fourth Amendment, so McGhee's motion to suppress was properly denied.

*3. Confrontation of confidential source.* We review evidentiary rulings affecting a defendant's Sixth Amendment rights de novo. *United States v. Foster*, 701 F.3d 1142, 1150 (7th Cir. 2012). McGhee asserts these rights were violated when the district court denied his request for the confidential source, whose voice is heard during the controlled buy video, to testify at trial.

The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). "[S]tatements providing context for other admissible statements … are not offered for their truth." *United States v. Van Sach*, 458 F.3d 694, 701 (7th Cir. 2006). Therefore, "[t]he admission of recorded conversations between informants and defendants is permissible where an informant's statements provide context for the defendant's own admissions." *Foster*, 701 F.3d at 1150.

The district court did not violate McGhee's Confrontation Clause right. The court permitted the playing of the video only as proof that the controlled buy occurred because McGhee's own questioning had opened the door. Whether the source's statements are true "is … immaterial." *Id.* at 1151. McGhee had no right to confront the confidential source.

*4. McGhee's sentence.* McGhee argues his within-Guidelines sentence of 420 months' imprisonment was unreasonable because of three facts he did not raise with the sentencing court: (a) he was convicted of a nonviolent crime; (b) he did not use or threaten to use a firearm; and (c) his age.

A challenge to the substantive reasonableness of a sentence is reviewed for an abuse of discretion. *United States v. Williams*, 85 F.4th 844, 847 (7th Cir. 2023). When a district court imposes a within-Guidelines sentence, our "deference is at its peak." *Id.* When challenging such a sentence, the defendant must "demonstrat[e] that his … sentence is unreasonable when measured against the factors set forth in § 3553(a)." *United States v. Vallar*, 635 F.3d 271, 279 (7th Cir. 2011) (cleaned up). If a district court offers an "adequate statement of its reasons," the sentence is reasonable. *United States v. Annoreno*, 713 F.3d 352, 359 (7th Cir. 2013) (cleaned up).

The district court considered the § 3553(a) factors at the sentencing hearing and in its statement of reasons. The court noted the sheer amount of drugs at issue; McGhee's awareness of the harm those drugs could cause and his decision to sell them; his prior offenses; his parents' absence during childhood and his decision to join a gang; his epilepsy and past drug abuse issues; his desire to receive a GED; and the fact that he was not a good candidate for rehabilitation. These reasons track several of the § 3553(a) factors, including the nature and circumstance of the offense, McGhee's history and characteristics, his educational and vocational training, and his medical care. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(D). The record shows that the district court was also cognizant of the need to impose a sentence that "reflects the seriousness of the offense, promotes respect for the law, provides just punishment …

[and] adequate deterrence, and takes note" of the applicable Guidelines. *See id.* §§ 3553(a)(2)(A), (a)(4).

The facts McGhee points to do not persuade us that the district court abused its discretion. His arguments amount to an objection to how the court weighed the § 3553(a) factors. But that does not mean his sentence is unreasonable. McGhee cannot overcome the presumption that his within-Guidelines sentence is reasonable by contesting the district court's weighing decision. *See United States v. Melendez*, 819 F.3d 1006, 1013 (7th Cir. 2016) (noting that district courts enjoy "discretion in assigning weights to the § 3553(a) factors" and affirming within-Guidelines sentence.) McGhee's within-Guidelines sentence was reasonable.

**B**

Problems arise for McGhee's six remaining arguments. He waived them, they are moot, he failed to comply with the applicable circuit and procedural rules in briefing them, or some combination of these obstacles dispose of these challenges.

*1. McGhee failed to make two arguments in the district court, so he waived them.* A defendant can waive arguments in proceedings before the district court. "Waiver occurs when a party intentionally relinquishes a known right," and it "extinguishes error and precludes appellate review." *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019).[2] We ask "whether the defendant's decision not to object was knowing and intentional," which is "often" the case "where the defendant chose—as a matter of strategy—not to present" an argument.

---

[2] "Before issuing" *Flores*, the panel "circulated it to all judges in active service under Circuit Rule 40(e). No judge voted to hear [the] case *en banc*." 929 F.3d at 450 n.1.

*Id.* at 448. Similarly, a defendant can waive an argument by affirmatively disclaiming an objection at trial. *United States v. Ridley*, 826 F.3d 437, 443 n.1 (7th Cir. 2016).

McGhee argues on appeal that the court violated the Eighth Amendment by applying the ACCA enhancement based in part on a juvenile predicate offense. In response to the government's motion in limine in the district court, McGhee expressly acknowledged that his Eighth Amendment argument was foreclosed by caselaw. *See United States v. Salahuddin*, 509 F.3d 858, 864 (7th Cir. 2007) (holding that the Eighth Amendment does not prohibit the use of a juvenile conviction to support application of the ACCA enhancement). And at sentencing, McGhee lodged six objections to the PSR, but none referenced the Eighth Amendment or *Salahuddin*.

McGhee also asserts the district court erred by playing the unauthenticated video of the third controlled buy. But before the video was admitted and played, McGhee affirmatively stated "No objection." Each of these knowing and strategic choices constitute waiver. *Flores*, 929 F.3d at 447–48.

*2. McGhee failed to develop three more arguments on appeal, so he waived them.* Even when arguments are properly preserved, a defendant can waive them on appeal. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). It is not this court's responsibility to do the work of researching and constructing legal arguments for parties, particularly those with counsel. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

Relatedly, under Federal Rule of Appellate Procedure 28(a)(8)(A), the argument section of an appellant's brief must include "citations to the authorities and parts of the record" on which he relies. "Litigants must bear in mind that the failure to properly argue their contentions may well result in a finding of abandonment." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3974.1 (5th ed. Apr. 2023 update). That result applies in our circuit. *United States v. Hamzeh*, 986 F.3d 1048, 1052 n.4 (7th Cir. 2021).

McGhee asserts: (1) the Second Amendment required the dismissal of his charge under 18 U.S.C. § 922(g); (2) the testimony of Logan regarding the controlled buy video was inadmissible hearsay; and (3) his motion for a new trial should have been granted because there was new evidence that some of the cocaine presented at trial was fabricated. On each of these arguments, McGhee cites little or no caselaw, provides only conclusory statements, and gives few or no record citations.[3] They are "perfunctory and undeveloped" and thus waived. *Crespo*, 824 F.3d at 674.

*3. McGhee's argument to dismiss the 18 U.S.C. § 924(c) charge is moot.* McGhee claims that the charge against him for violating 18 U.S.C. § 924(c)(1)(A), which prohibits the use, carrying, or possession of a firearm in relation to a drug trafficking

---

[3] McGhee's new trial argument can also be rejected as untimely. A motion for new trial must be filed within fourteen days, unless it alleges new evidence. FED. R. CRIM. P. 33(b)(1), (2). McGhee waited more than three months before filing this motion, and neither it nor his appeal contend that he has any new evidence. He submits only that the evidence presented at trial was "fabricated" and trial exhibits contained "irregularities." But he does not share the new evidence he supposedly discovered.

crime, should have been dismissed because he did not "use" the firearm. McGhee was charged and convicted under the possession prong only. And the second superseding—and controlling—indictment dropped any mention of the carry and use prongs. So, this argument is moot.

## C

One last matter. Rules govern the appendix accompanying an appellant's brief. "The appellant must prepare and file an appendix" containing "relevant docket entries" from the proceeding in the district court. FED. R. APP. P. 30(a)(1)(A). Our court is more specific: "The appellant shall submit, bound with the main brief, an appendix containing the judgment or order under review and any opinion, memorandum of decision, findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court." CIR. R. 30(a). We also require the appellant to certify that he has provided those materials. CIR. R. 30(d). There are consequences for failing to comply with Rule 30. *See* 16AA WRIGHT & MILLER § 3976.2 (describing actions courts may take against appellants for noncompliance, including sanctions against counsel, summary affirmance, or refusal to address arguments). In criminal cases, the appropriate penalty for noncompliance is a fine imposed on counsel. *United States v. Evans*, 131 F.3d 1192, 1194 (7th Cir. 1997).

McGhee failed to observe these rules. His appendix contains only his notice of appeal and the district court's judgment. Absent are the relevant docket entries and the district court's rulings and reasons (written or transcribed) necessary to review nearly all of McGhee's appellate arguments. Nevertheless, counsel certified "that all the materials required by Circuit Rule 30(a), (b) and (d) are contained" in the appendix.

We decline to impose a fine here, but we admonish McGhee's counsel, and remind the bar, to adhere to Federal Rule of Appellate Procedure 30 and Circuit Rule 30.

\* \* \*

We AFFIRM the judgment of the district court in all respects.