UNITED STATES of America, Plaintiff–Appellee,

v.

Alberto RODRIGUEZ, also known as Bato, Defendant–Appellant.

No. 92–1984.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1993.

Decided June 10, 1993.

---

James L. Santelle, Asst. U.S. Atty. (argued), Charles Guadagnino, Milwaukee, WI, for plaintiff-appellee.

Jess Martinez, Jr., Robert B. Rondini (argued), Waukesha, WI, for defendant-appellant.

Before EASTERBROOK and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Alberto Rodriguez ("Rodriguez") appeals his conviction and sentence for conspiring to distribute cocaine in violation of 21 U.S.C. § 846. Rodriguez' appeal challenges both the district court's refusal to suppress evidence seized without a warrant and the district court's enhancement of his sentence for obstruction of justice pursuant to § 3C1.1 of the United States Sentencing Guidelines (the "U.S.S.G."). We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We affirm.

## I.

Rodriguez was charged by a Grand Jury in a two-count indictment for conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The charges stemmed from Rodriguez' distribution of cocaine to co-conspirators Larry Trudo, Jack Phillips and Jose Rodriguez. Pursuant to the resulting federal warrant, Rodriguez was arrested at his place of employment by Thomas A. Jones, a Walworth County Deputy Sheriff ("Deputy Jones"). At the arrest scene, Rodriguez was allowed to go to a tool box area to lock up his tools and remove his work coveralls. Rodriguez was then handcuffed and subjected to a pat-down search for weapons. Finally, his work locker was subjected to a canine sniff search.

After being taken to the Walworth County Sheriff's Department, correctional officers and Deputy Jones conducted a more thorough search of Rodriguez. That search produced a wallet containing a personal address book. Pursuant to the drug unit's general procedure, Deputy Jones photocopied each page of the address book. The address book contained the phone number of co-conspirator Larry Trudo. Prior to trial, Rodriguez moved to suppress the address book and the information contained therein. This issue was assigned to a magistrate judge, who recommended that Rodriguez' motion be granted. The district court declined to follow the magistrate judge's recommendation, denying Rodriguez' motion to suppress. On the government's motion, the district court dismissed the possession count and the case proceeded to trial. The jury convicted Rodriguez on the remaining conspiracy count, and the district court imposed a fine of $5,000.00 and a sentence of 200 months in prison, which included a two-level enhancement for obstruction of justice based on a determination that Rodriguez had committed perjury. In this appeal, Rodriguez challenges both the district court's denial of his motion to suppress the contents of the ad-

dress book and the district court's enhancement of his sentence for obstruction of justice.

## II.

Rodriguez first challenges the district court's refusal to suppress the address book. The magistrate judge recommended that this evidence be suppressed because photocopying the contents of the address book went beyond the permissible scope of an inventory search. *See Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990) (holding that inventory searches should not be turned into "a purposeful and general means of discovering evidence of crime"). The district court disagreed with the magistrate judge, instead classifying the search as a search incident to arrest. As such, photocopying the contents of the address book was within the permissible scope of the search as an attempt to preserve evidence. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685 (1969).

■ Therefore, we must determine whether the district court was correct to determine that the search of Rodriguez was a valid search incident to arrest. We have previously held that the contents of a defendant's wallet may be searched incident to an arrest. *United States v. Molinaro,* 877 F.2d 1341, 1346–47 (7th Cir.1989). In *Molinaro,* the defendant was placed in a DEA vehicle after his arrest, while a federal agent spread out the contents of his wallet on the trunk of the car. *Id.* at 1346. The agent found slips of paper containing the names and phone numbers of coconspirators. *Id.* The Supreme Court has affirmed similar warrantless searches of an arrestee's person, including personal property contained in his pockets, as valid searches incident to arrest. Therefore, we upheld the denial of the motion to suppress in *Molinaro. Id.* at 1346–47.

1. The government argues that Rodriguez waived any challenges to the enhancement for obstruction of justice by failing to properly object to it before the district court. *United States v. Livingston,* 936 F.2d 333, 336 (7th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 884, 116 L.Ed.2d 787 (1992). Rodriguez' counsel did, however, make the following comment at the sentencing

■ Rodriguez attempts to distinguish *Molinaro* because the search at issue here did not occur at the scene of the arrest, but rather at the Walworth County Sheriff's Department. This distinction is not sufficient to invalidate the search, however, because

> searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention. ... The courts of appeals have followed this same rule, holding that both the person and the property in his immediate possession may be searched at the station house after the arrest has occurred at another place and if evidence of crime is discovered, it may be seized and admitted into evidence.

*United States v. Edwards,* 415 U.S. 800, 803, 94 S.Ct. 1234, 1237, 39 L.Ed.2d 771 (1974), citing, *inter alia, United States v. Manar,* 454 F.2d 342 (7th Cir.1971); *see also United States v. Jeffers,* 524 F.2d 253, 255 (7th Cir. 1975). Rodriguez was searched immediately upon arriving at his initial place of detention. Under the rationale of *Edwards,* the search of Rodriguez' wallet and the photocopying of the contents of the address book were permissible as a search incident to arrest.

## III.

■ Rodriguez presents two challenges to the district court's enhancement of his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1.[1] The first challenge is that the district court failed to make an independent finding regarding the truthfulness of Rodriguez' testimony. Our prior cases required such a finding when a defendant's sentence was enhanced based on perjury. *E.g., United States v. Doubet,* 969 F.2d 341, 348 (7th Cir.1992); *United States v. Contreras,* 937 F.2d 1191, 1194 n. 2 (7th Cir.1991); *United States v. Lozoya–Morales,* 931 F.2d 1216, 1219 (7th Cir.1991). A recent Supreme Court opinion provides general support for our approach, though it expands the

hearing: "On the issue of obstruction of justice, the court addressed that issue prior to trial and I guess that will be my addendum to my comments on that particular issue." (R. 51–9.) We need not decide whether that comment properly raised the issue by implication before the district court, as Rodriguez' challenges fail on the merits.

factual predicates necessary to support an obstruction of justice enhancement based on perjury. *United States v. Dunnigan,* — U.S. —, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).[2]

In *Dunnigan,* the Supreme Court held that an enhancement for obstruction of justice is sufficiently supported if "[t]he district court's determination ... encompasses all of the factual predicates for a finding of perjury."[3] *Id.,* at —, 113 S.Ct. at 1117. These factual predicates find their source in the definition of perjury developed in cases interpreting the federal criminal perjury statute (18 U.S.C. § 1621): "A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *Id.,* at —, 113 S.Ct. at 1116. Because determinations regarding enhancements based on perjury are factual in nature, we review them under the clearly erroneous standard. *Doubet,* 969 F.2d at 348.

■ We now consider whether the district court's determination encompassed the factual predicates required by *Dunnigan.* First, in remarks made prior to sentencing, the district court declared that "in your case the facts simply cry out for the enhancement for having given false testimony before the jury." (R. 51–24.) Obviously, the district court found that Rodriguez gave false testimony. The district court also stated that Rodriguez "made a number of denials going to the very heart of the case." (R. 51–8.) We accept this as a sufficient finding that Rodriguez testified to material matters. Finally, the district court also stated that Rodriguez "*chose* to take the witness stand in [his] own defense and give a version of the facts that not only didn't square with what other witnesses had to say but simply didn't square with reality...." (R. 51–23.) (emphasis added). This statement makes it apparent that the district court believed that Rodriguez provided false testimony with will-

ful intent rather than as a result of confusion, mistake or faulty memory. Our review of the record convinces us that none of these findings is clearly erroneous. Taken together, the above remarks encompass the factual predicates required by *Dunnigan.* Therefore, Rodriguez' sentence was properly enhanced for obstruction of justice based on perjury.

■ Rodriguez' second objection to the enhancement is that its use is unconstitutional because it chilled his ability to testify in his own defense. This argument was again rejected by the Supreme Court in *Dunnigan.* — U.S. at —, 113 S.Ct. at 1117. Because "the right to testify does not include a right to commit perjury," this argument cannot stand. *Id.* Section 3C1.1 of the U.S.S.G. only impacts a defendant's decision to commit perjury, not his decision to testify truthfully; therefore, it does not run afoul of the Constitution.

### IV.

In accordance with this opinion, Rodriguez' conviction and the resulting sentence are both AFFIRMED.

---

2. We point out that the Supreme Court's approach in *Dunnigan* favors Rodriguez, because it requires more extensive factual findings than our prior cases. The additional requirements, however, do not alter the outcome of the case now before us.

3. The Supreme Court also stated that "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.* at —, 113 S.Ct. at 1117.