142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alberto RODRIQUEZ, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-2897.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 3, 1998*.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-C-1425 )91-CR-296), J.P. Stadtmueller, Chief Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 Alberto Rodriquez was convicted five years ago of conspiracy to distribute cocaine, and we affirmed. United States v. Rodriguez, 995 F.2d 776 (1993). (That opinion spells the defendant's name "Rodriguez," but he spells his name "Rodriquez" and we use his preferred spelling in this order.) On direct appeal, Rodriquez contended that critical evidence should have been suppressed and that the district judge should not have enhanced his sentence for obstruction of justice. We rejected both contentions. In this collateral attack under 28 U.S.C. § 2255, Rodriquez contends that his lawyer rendered ineffective assistance because he defended the case on the theory that Rodriquez was not guilty of any crime (or at least that the prosecution had not proved guilt beyond a reasonable doubt) rather than on the theory that the crime of which he was guilty was the substantive distribution of drugs rather than conspiracy to distribute drugs. The district court rejected this contention, concluding that the theory of defense was a reasonable strategic decision.
 
 
 2
 The strategy Rodriquez now says his attorney should have followed would have been implemented by asking the district judge to instruct the jury that mere buyers and sellers are not conspirators, followed by an argument that the evidence showed no more than purchases and sales. See United States v. Lechuga, 994 F.2d 346, 347 (7th Cir.1993) (en banc). There are several problems with this approach, starting with the one the district court emphasized: a strategic or tactical choice can be deemed "ineffective assistance of counsel" in only the most extraordinary cases. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A competent lawyer would have had several reasons for making the choice in question.
 
 
 3
 One is that Rodriquez testified and denied participating in a drug-distribution business; the defense was consistent with this testimony. To argue that the evidence depicted Rodriquez as a customer or supplier, but not as a conspirator, counsel would have cast doubt on the defendant's own testimony. A second reason is that the testimony of the prosecution's witnesses, if believed, depicted Rodriquez as a conspirator. A competent defense lawyer could think it best to attack this testimony head on rather than try to get the jury to believe only part of it. Finally, a victory on the ground Rodriquez proposes could have been Pyrrhic. The indictment charged Rodriquez with conspiracy plus a substantive offense. The latter charge was dismissed before trial; under the Sentencing Guidelines a substantive conviction adds nothing to the sentence following a conspiracy conviction (and the reverse) because imprisonment depends on the "relevant conduct" calculation. Had Rodriquez been acquitted of conspiracy on the ground that he was a substantive offender instead, the substantive charge could have been resurrected (or a new indictment brought), and conviction would have been likely. What could Rodriquez have gained? The best chance for the defense lay in persuading the jurors that the prosecution's witnesses were lying. Counsel took that strategy, which cannot be deemed unconstitutionally weak.
 
 
 4
 The district court limited the certificate of appealability to the issue we have discussed. Rodriquez did not ask us to expand the issues open on appeal, but he nonetheless briefed an additional issue. Because it is outside the scope of the certificate of appealability and there has been no request to modify that certificate, we do not address the additional issue.
 
 AFFIRMED
 
 
 *
 This successive appeal has been assigned to the panel that heard the prior appeal, and after an examination of the briefs and the record, the panel has concluded that oral argument is unnecessary. See Fed.R.App.P. 34(a); Cir.R. 34(f)