[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 734 
 OPINION
A cell phone is seized from the person of an arrestee approximately one hour after he is transported to the police station. About 30 minutes later, while the arrestee is being interrogated, the arresting officer accesses the phone's text message folder and retrieves an incriminating message. We hold the officer's actions are lawful under the Fourth
Amendment of the United States Constitution as a valid search incident to arrest.
 Gregory Diaz appeals the judgment entered after he pled guilty to transportation of a controlled substance, Ecstasy (Health Saf. Code, § 11379, *Page 735 subd. (a).) The trial court suspended imposition of sentence and placed him on three years' formal probation. Diaz entered his plea after the court denied his motion to suppress evidence of a text message retrieved from his cell phone, which was searched approximately 90 minutes after his arrest, and his ensuing statements made when questioned about that message. He contends that the delayed warrantless search of his cell phone violated the Fourth Amendment because the phone was a "possession? within an arrestee's immediate control," instead of an item "spatially limited to the person of the arrestee," as those terms are defined byUnited States v. Chadwick (1977) 433 U.S. 1, 16, footnote 10 [53 L.Ed.2d 538, 97 S.Ct. 2476], and United States v. Edwards (1974)415 U.S. 800, 810 [39 L.Ed.2d 771, 94 S.Ct. 1234]. We conclude that the cell phone was immediately associated with Diaz's person at the time of his arrest, and was therefore properly subjected to a delayed warrantless search. Accordingly, we affirm.
 FACTS AND PROCEDURAL HISTORY At 2:50 p.m. on April 25, 2007, Diaz participated in a controlled buy of six Ecstasy pills. Diaz drove Lorenzo Hampton to the location in Thousand Oaks, and waited while Hampton and a confidential informant conducted the transaction in the back seat of his car. Diaz and Hampton were arrested shortly thereafter. When Diaz was searched at the scene, a small amount of marijuana was recovered from his back pocket. Diaz also had a cell phone in his possession, but it was not seized at that time.
 Diaz was transported to the East County Sheriff's Station. At approximately 4:00 p.m., Diaz's cell phone was seized from his person and placed with the other evidence that had been collected. About 4:18 p.m., Diaz was interviewed by Detective Victor Fazio of the Ventura County Sheriff's Department. Diaz waived his Miranda[1] rights and denied any involvement in the incident. About 4:23 p.m., and while Diaz was still being interrogated, Detective Fazio retrieved Diaz's cell phone, searched the text message folder, and found a recent message addressed to Hampton stating "6 4 80." Based on his training and experience, the detective believed that this message referred to six Ecstasy pills for the price of $80. Diaz admitted his participation in the crime when confronted with this information.
 Diaz pled not guilty to the charge of selling a controlled substance and moved to suppress the text message and his statements in response thereto pursuant to Penal Code section 1538.5. The trial court found that the cell phone was properly searched incident to Diaz's arrest, and denied the motion. In rejecting Diaz's argument that cell phones are akin to computers and *Page 736 should be excluded from the search-incident-to-arrest exception to the warrant requirement, the trial court reasoned as follows: "[A]lthough it's true that officers sometimes do get search warrants for the specific purpose of looking into computers and to get cell phone messages from wireless providers and so forth, in this situation it seems to me that incident to the arrest search of his person and everything that that turned up is really fair game in terms of being evidence of a crime or instrumentality of a crime or whatever the theory might be. And under these circumstances I don't believe there's authority that a warrant was required. So the motion is denied."
 DISCUSSION The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures. Searches conducted without a warrant are "`per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" (Schneckloth v. Bustamonte (1973) 412 U.S. 218, 219 [36 L.Ed.2d 854,93 S.Ct. 2041], italics omitted.) One such exception applies to searches incident to an arrest. The exception provides that "it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape." (Chimel v. California (1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 89 S.Ct. 2034].) The police may also search "the arrestee's person" and the area "`within his immediate control'" to remove weapons and secure evidence. (Ibid.)
 Diaz does not dispute that his cell phone was properly seized incident to his arrest and that the police could have searched it contemporaneous with the arrest. (See United States v. Robinson (1973) 414 U.S. 218, 235
[38 L.Ed.2d 427, 94 S.Ct. 467] [upholding warrantless search of cigarette package found in defendant's pocket as a search incident to arrest]; NewYork v. Belton (1981) 453 U.S. 454, 460-461 [69 L.Ed.2d 768,101 S.Ct. 2860] [closed containers in the passenger compartment of a vehicle can be searched incident to passenger's arrest].) He contends, however, that the search of his cell phone approximately 90 minutes after his arrest violated the Fourth Amendment's requirement that a warrant be obtained for delayed searches of "possessions within an arrestee's immediate control." (United States v. Chadwick, supra, 433 U.S. at p. 16, fn. 10.) While he acknowledges that items "immediately associated with the person of the arrestee" are properly subject to delayed warrantless searches (Id., at p. 15; see also United States v. Edwards, supra,415 U.S. at pp. 801-803), he argues that cell phones should be afforded greater constitutional protection than other items an arrestee might carry on his or her person, such as wallets, letters, or address books, because they "have the capacity to store tremendous quantities of personal information." He also asserts that cell phones should be characterized differently from other items associated with the person of an arrestee because they *Page 737 are "no more likely to be inside a person's pocket than inside a briefcase, backpack, or purse, or on a car seat or table, or plugged into a power source, or stashed inside any manner of separate bags or carrying containers." We are not persuaded.
 In United States v. Edwards, the court upheld the warrantless search of clothing that was seized from an arrestee approximately 10 hours after his arrest. (United States v. Edwards, supra, 415 U.S. at pp. 801-802.) The court reasoned that "once [an] accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other." (Id., at p. 807.) Subsequently, in United Statesv. Chadwick, the court invalidated the delayed search of a locked footlocker seized at the time of arrest. In so holding, the court concluded that "[o]nce law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest." (United States v. Chadwick, supra, 433 U.S. at p. 15, fn. omitted.)
 In reliance upon this authority, courts have upheld delayed warrantless searches of wallets (see, e.g., United States v. Passaro (9th Cir. 1980) 624 F.2d 938, 944), purses (People v. Decker (1986)176 Cal.App.3d 1247, 1252 [222 Cal.Rptr. 689]), address books (U.S.v. Rodriguez (7th Cir. 1993) 995 F.2d 776, 777-778) and pagers (U.S. v.Chan (N.D.Cal. 1993) 830 F.Supp. 531, 536). Recently, one federal court applied the same rationale in upholding the warrantless search of a cell phone seized from the defendant incident to his arrest. In rejecting the defendant's claim that the search was not substantially contemporaneous with his arrest, the court stated: "In general, as long as the administrative processes incident to the arrest and custody have not been completed, a search of effects seized from the defendant's person is still incident to the defendant's arrest. [Citation.] Although the police had moved Finley, the search was still substantially contemporaneous with his arrest and was therefore permissible." (U.S. v.Finley (5th Cir. 2007) 477 F.3d 250, 260, fn. 7.) The court also rejected the defendant's claim that his cell phone was a possession within his immediate control as contemplated by Chadwick, reasoning as follows: "Chadwick held that, `[o]nce law enforcement officers have reducedluggage or other personal property not immediately associated with theperson of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest.' [Citation.] Finley's cell phone does not fit into the *Page 738 category of `property not immediately associated with [his] person' because it was on his person at the time of his arrest." (Ibid.)
 We reach the same result here. Cell phones may contain personal information, but so do wallets, purses and the like. The fact that electronic devices are capable of storing vast amounts of private information does not give rise to a legitimate heightened expectation of privacy where, as here, the defendant is subject to a lawful arrest while carrying the device on his person.[2] Whether Diaz could have kept his cell phone in a briefcase or backpack is of no moment. Because he had the phone on his person at the time of his arrest, it was taken "`out of the realm of protection from police interest'" for a reasonable amount of time following the arrest. (United States v. Passaro, supra,624 F.2d at p. 944; see also United States v. Edwards, supra,415 U.S. at pp. 808-809 ["`While the legal arrest of a person should not destroy the privacy of his premises, it does — for at least a reasonable time and to a reasonable extent — take his own privacy out of the realm of protection from police interest in weapons, means of escape, and evidence.'"].)
 Diaz also contends that "a cell phone text message search exceeds the original rationale for searches incident to arrest: to ensure officer safety and to preserve evidence that could be concealed or destroyed." The United States Supreme Court has recognized, however, that "[a] police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick ad hoc judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a `reasonable' search under that Amendment." (United States v. Robinson, supra,414 U.S. at p. 235, italics omitted.) In any event, "[t]he need to preserve evidence is underscored where evidence may be lost due to the dynamic nature of the *Page 739 information stored on and deleted from cell phones or pagers." (U.S. v.Mercado-Nava (D.Kan. 2007) 486 F.Supp.2d 1271, 1278.)
 Because the warrantless search of Diaz's cell phone was a valid search incident to arrest, his motion to suppress the fruits of the search was properly denied. In light of our conclusion, we need not address Diaz's alternative claim that the booking or inventory search exception to the warrant requirement does not apply.
 The judgment is affirmed.
Gilbert, P. J., and Coffee, J., concurred.
[1] Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694,86 S.Ct. 1602].
[2] The record does not disclose whether Diaz's phone was in his hand, a pocket of his clothing, or elsewhere on his person at the time it was seized. It is undisputed, however, that the phone was "on his person" as contemplated by U.S. v. Finley. *Page 740