Cupp, J.,
dissenting.
{¶ 30} I dissent from the majority’s decision. The majority needlessly embarks upon a review of cell phone capabilities in the abstract in order to announce a sweeping new Fourth Amendment rule that is at odds with decisions of other courts that have addressed similar questions.
{¶ 31} In my view, this case deals with a straightforward, well-established principle: “[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a ‘reasonable’ search under that Amendment.” United States v. Robinson (1973), 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427. In Robinson, the United States Supreme Court upheld admission into evidence of a cigarette package containing drugs, which was found as part of a search incident to Robinson’s arrest. See also Gustafson v. Florida (1973), 414 U.S. 260, 265-266, 94 S.Ct. 488, 38 L.Ed.2d 456 (upholding police’s inspection of a box of cigarettes found during search of defendant incident to his arrest). And as in United States v. Edwards (1974), 415 U.S. 800, 803, 94 S.Ct. 1234, 39 L.Ed.2d 771, “searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention.”
{¶ 32} In this case, there is no dispute that the arrest of Smith was lawful. During the search of Smith incident to his arrest for drug trafficking and other offenses, the officers located his cell phone on his person. There is no evidence that this phone was anything other than a conventional one, rather than a “smart phone” with advanced technological capability.
{¶ 33} The police later (at the police station) searched Smith’s cell phone’s address book and call list. As the majority opinion recognizes, a cell phone’s digital address book is akin to traditional address books carried on the person.
*172 Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Craig M. Jaquith, Assistant Public Defender, for appellant.
Courts have upheld police officers’ search of an address book found on an arrestee’s person during a search incident to a lawful arrest. See, e.g., United States v. Rodriguez (C.A.7, 1993), 995 F.2d 776, 778. The phone’s call list is similar, showing a list of telephone numbers that called to or were called from the phone.
{¶ 34} Thus, I would hold that the search here — which resembles police officers’ search of a traditional address book found on the person of an arrestee during a search incident to arrest — is permissible under the Fourth Amendment. This conclusion is consistent with the approach taken by several federal courts of appeals. See United States v. Finley (C.A.5, 2007), 477 F.3d 250, 260 (cell phone search); United States v. Murphy (C.A.4, 2009), 552 F.3d 405, 411 (cell phone search); United States v. Ortiz (C.A.7, 1996), 84 F.3d 977, 984 (pager search).
{¶ 35} It would be unworkable to devise a rule that required police to determine the particular cell phone’s storage capacity, and the concomitant risk that telephone numbers stored on the phone could be lost over time, before searching the phone’s address book or call list. I would hold that a search of an arrestee’s cell phone’s address book and call list is permissible as part of a search incident to arrest without first requiring police to determine the cell phone’s storage capabilities.
{¶ 36} Because this case can be decided on the basis of traditional Fourth Amendment principles governing searches of the person incident to arrest, I see no need here to delve into a wide-ranging examination of the capabilities of different types of cell phones and other electronic devices, as the majority does. The majority bases its broad holdings on its estimation of the possible capabilities of other cell phones and computers. But here, only the address book and call records were admitted into evidence. The issue of a more in-depth warrantless search of “data within a cell phone” is not before us. I would leave for another day, to a case that factually raises the issue directly, the question of whether police may perform more in-depth searches of information on cell phones that have capabilities akin to a computer.
{¶ 37} For these reasons, I dissent.
Lundberg Stratton and O’Donnell, JJ., concur in the foregoing opinion.
*173 John D. Ferrero, Stark County Prosecuting Attorney, and Kathleen 0. Tatar-sky, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.
Jeffrey M. Gamso, Legal Director, and Carrie L. Davis, Staff Attorney, urging reversal for amicus curiae American Civil Liberties Union of Ohio Foundation, Inc.