**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2012
Decided May 31, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2155

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-176 |
| MERVYN T. RUTLEY, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Mervyn Rutley was charged with defrauding financial institutions using stolen identities. The scheme began in 1996 when Rutley began cashing his deceased father's erroneously issued pension checks from the Department of Veterans Affairs, and it ended when Rutley was arrested in 2009, by which time he had opened many bank accounts and lines of credit in other people's names, including his father's. He pleaded not guilty, but following a jury trial he was convicted of all charges: eleven counts of bank fraud, 18 U.S.C. § 1344, one count of wire fraud, *id.* § 1343, and twelve counts of aggravated identity theft, *id.* § 1028A. The district court sentenced him to a total of 72 months' imprisonment and ordered him to pay roughly $205,000 in restitution. Rutley filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rutley has responded to counsel's submission. *See* CIR. R.

51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Rutley's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel considers whether Rutley could argue that much of the evidence presented against him at trial should have been suppressed because the searches leading to its discovery violated the Fourth Amendment. A portion of the evidence was discovered in a bag Rutley was carrying at the time of his arrest, and other evidence was found in Rutley's home, including on his computer, when his home was searched pursuant to a warrant. The evidence consisted of other people's credit cards, driver's licenses, and social security cards, as well as records of Rutley's fraudulent transactions. As appellate counsel explains, Rutley had no realistic chance of acquittal with all of this evidence before the jury, but his trial lawyer did not move to suppress it. Rutley has thus waived any objection to the admission of the evidence unless he can show good cause for his trial lawyer's omission. *See* FED. R. CRIM. P. 12(e); *United States v. Brodie*, 507 F.3d 527, 530–31 (7th Cir. 2007); *United States v. Evans*, 131 F.3d 1192, 1193 (7th Cir. 1997). Counsel, not finding any cause in the district-court record for the trial lawyer's decision to forgo a motion to suppress, concludes that a challenge on direct appeal to the admission of this evidence would be frivolous. The suppression argument, counsel contends, would be better made as part of a collateral attack based on the performance of Rutley's trial lawyer. In a collateral proceeding, unlike on direct appeal, a complete record could be developed.

We agree with counsel that it would be frivolous for Rutley to argue on direct appeal that the evidence against him should have been suppressed, though we are not persuaded that Rutley would have better luck with this argument in a collateral proceeding. There simply is no indication that the searches in question were unconstitutional. The search of Rutley's bag was valid as a search incident to arrest, because the Fourth Amendment permits officers to search, without a warrant, any container carried by an arrestee, including bags, purses, wallets, and books. *See United States v. Robinson*, 414 U.S. 218, 236 (1973); *United States v. Mitchell*, 64 F.3d 1105, 1110–11 (7th Cir. 1995); *United States v. Rodriguez*, 995 F.2d 776, 778 (7th Cir. 1993); *United States v. Molinaro*, 877 F.2d 1341, 1346–47 (7th Cir. 1989). Nor is there any apparent problem with the search of Rutley's home. Counsel contends that no reasonable officer could have relied on the search warrant because the affidavit underlying it does not include facts showing that Rutley committed his crimes from home or stored evidence there. Yet the affidavit explains that Rutley was known to have received mail related to his fraud scheme at his former address and had been receiving mail at his new address for six months; it also explains that in the extensive experience of the affiant, a Postal Inspector, evidence of this type of financial fraud—credit card statements, stolen checks, and records containing information about the victims—is almost always found in the perpetrator's residence. This was sufficient to establish a fair probability that evidence of Rutley's fraud would be discovered in his home. *See, e.g.*, *United States v. Aljabari*, 626 F.3d

940, 944–46 (7th Cir. 2010); *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006). And the search of Rutley's home computer also seems to have been permissible. Counsel suggests that it violated the Fourth Amendment because the warrant, although it authorized a search of Rutley's home for "records" related to his offenses, did not mention a computer. But records are as likely to be on a computer as in a filing cabinet, and there is no indication that the search of Rutley's home computer went beyond looking for the items described in the warrant. *See United States v. Hudpseth*, 459 F.3d 922, 926–27 (8th Cir. 2006), *approved in relevant part on reh'g en banc*, *United States v. Hudpseth*, 518 F.3d 954, 961 (8th Cir. 2008); *United States v. Peters*, 92 F.3d 768, 769–70 (8th Cir. 1996).

Counsel also considers whether Rutley could make a nonfrivolous argument that his sentence is unreasonable but concludes that he could not. As counsel notes, the district court properly calculated Rutley's imprisonment range at 46 to 57 months for the fraud counts (reflecting a base offense level of 7, increased by 12 levels for the loss amount and 2 levels because there were more than 10 victims, combined with a criminal history category of III) and 24 months for the identity-theft counts. (The penalties for aggravated identity theft are provided by statute, *see* 18 U.S.C. § 1028A(a)(1); U.S.S.G. § 2B1.6, and must run consecutively to any sentence for a different offense, 18 U.S.C. § 1028A(b).) The court then sentenced Rutley to a total of 72 months' imprisonment—48 months for fraud and 24 for identity theft—a sentence within the guidelines range and thus entitled to a presumption of reasonableness on appeal. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011). Nothing in the record rebuts that presumption. The judge meaningfully considered the factors in 18 U.S.C. § 3553(a), including Rutley's lack of remorse, his gambling problem, the modest losses suffered by most of his victims, and the fact that one of his main victims, his father, was dead and thus would not suffer from ruined credit. We agree with counsel that any challenge to the reasonableness of Rutley's sentence would be frivolous.

In Rutley's response to counsel's motion to withdraw, he proposes to challenge the district court's loss calculation by arguing, in reliance on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the loss should have been calculated by the jury rather than the judge because it increased his guidelines imprisonment range. As we have said many times, however, *Apprendi* does not require that guidelines issues be submitted to the jury because the guidelines are advisory. *United States v. Roberts*, 534 F.3d 560, 573 (7th Cir. 2008); *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005).

Rutley also seeks to challenge the amount of the restitution award. His trial lawyer told the district court that he would contest the restitution amount but never did, and so our review would be for plain error. *See United States v. Dokich*, 614 F.3d 314, 318 (7th Cir. 2010). Rutley first argues that the award is greater than the law allows because it appears to

include $200 worth of credit-card interest. Interest, according to Rutley, must be excluded from a restitution award because no "interest of any kind" may be included in the loss amount for sentencing purposes, *see* U.S.S.G. § 2B1.1, cmt. n. 3(D)(i). But no case law and nothing in the Mandatory Victim Restitution Act or the sentencing guidelines support Rutley's argument. Application Note 3(D)(i) to § 2B1.1 applies to the loss amount only. Restitution is calculated under 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1, and those provisions do not exclude bargained-for interest (or finance charges) from a restitution award. *See United States v. Jimenez*, 513 F.3d 62, 87 (3d Cir. 2008); *United States v. Morgan*, 376 F.3d 1002, 1014 (9th Cir. 2004). Another argument Rutley proposes to make about restitution is that an addition error caused the district court to award Citibank $38,808, which is $3000 more than should have been awarded. The judgment, however, reflects that Rutley was ordered to pay Citibank only $35,808. An appellate claim based on either of these restitution arguments would be frivolous.

Additionally, Rutley contends that a nonfrivolous challenge could be made to the district court's inclusion of the pension payments from the Department of Veteran's Affairs in the loss and restitution amounts. These payments are identified in the section of the indictment labeled "allegations common to all counts," which is where the overarching fraud scheme is described, but the VA is not named in any of the individual counts. According to Rutley, this means that the jury did not convict him of a crime involving the pension money, and he cannot be held responsible for that loss.

An appeal on this basis would be frivolous. Loss and restitution amounts need not be based on the indictment alone; rather, they are to be determined by the judge at sentencing based on a preponderance of the evidence, which can include reliable evidence not mentioned in the indictment nor even admissible at trial. *See United States v. Littrice*, 666 F.3d 1053, 1060 (7th Cir. 2012); *United States v. Danford*, 435 F.3d 682, 689 (7th Cir. 2006). And in fraud-scheme cases, each "victim"—broadly defined in the Mandatory Victim Restitution Act as someone "directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern," 18 U.S.C. § 3663A(a)(2)—is to receive restitution, including those victims not identified in the indictment. *United States v. Locke*, 643 F.3d 235, 246–47 (7th Cir. 2011); *United States v. Smith*, 218 F.3d 777, 784 (7th Cir. 2000). In any event, the indictment in this case *does* allege that Rutley's fraudulent scheme involved the VA payments, and each individual count incorporates these allegations by reference. Moreover, Rutley overlooks that three of the bank-fraud counts charged him with withdrawing money from an account in his father's name ending in the number 3611, which is the account he opened to receive direct deposits from the VA. By withdrawing that money, Rutley fraudulently obtained property that was under the bank's control in violation of the bank-fraud statute, 18 U.S.C. § 1344.

Finally, Rutley addresses a possible miscalculation of his criminal-history category, pointing out that the convictions for which he received criminal-history points (deceptive practices in 1991, battery in 1992, battery and resisting arrest in 1992, theft of movable property in 1995, and forgery in 1996) were more than ten years old when he was arrested in 2009. He correctly notes that a sentence of imprisonment of one year or less is not to be counted if it was imposed more than ten years before the commencement of the offense for which the defendant is being sentenced. *See* U.S.S.G. § 4A1.2(e); *United States v. Carroll*, 110 F.3d 457, 462 (7th Cir. 1997). But Rutley was convicted of a fraud scheme that dated back to 1996 when his past convictions were less than ten years old; it would be frivolous to challenge their inclusion in the calculation of his criminal history category.

Counsel's motion is to withdraw is **GRANTED**, and the appeal is **DISMISSED**.